UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULWAHAB NATTAH, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) Civil Action No. 06-0700 RCL |
| | ) |
| GEORGE W. BUSH, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

<u>FEDERAL DEFENDANTS' MOTION TO DISMISS</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), the federal defendants[1] respectfully move to dismiss plaintiff's complaint in this action as it pertains to them. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached.

October 30, 2006    Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] The named federal defendants are George W. Bush, President of the United States, Richard Cheney, Vice-President of the United States, and Donald Rumsfeld, United States Secretary of Defense.

                                                                         _____
                                                                         MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

ABDULWAHAB NATTAH, et al.,     )
                               )
        Plaintiffs,            )
                               )
        v.                     )   Civil Action No. 06-0700 RCL
                               )
GEORGE W. BUSH, et al.,        )
                               )
        Defendants.            )
                               )
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**<u>FEDERAL DEFENDANTS' MOTION TO DISMISS</u>**

<u>INTRODUCTION</u>

Plaintiff's Complaint consists of 245 paragraphs raising a variety of claims against President George W. Bush, Vice-President Richard Cheney, and Donald Rumsfeld, Secretary of the United States Department of Defense, all in connection with plaintiff's work in Iraq for defendant Titan Group, although plaintiff alleges that Titan subsequently sold him "into slavery" to the Department of Defense.  According to the plaintiff, the actions of the named federal defendants have violated plaintiff's constitutional rights, including his right to due process of law and right to be free from search and seizure and to not associate with people.  He further alleges that defendants have violated the Geneva conventions, the United Nations Charter, and various other legal principles all resulting in physical and mental injuries to plaintiff.  As relief, plaintiff requests injunctive and declaratory relief, and compensatory and punitive damages.

Plaintiff's Complaint is both legally and factually defective and, therefore, should be dismissed for lack of jurisdiction and failure to state a claim.  Specifically, because plaintiff attempts to allege a violation of his constitutional rights by federal officials acting in their official capacities, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear those claims.  Moreover, to the extent that plaintiff attempts to allege a non-constitutional claims against the President, Vice President and Secretary of Defense, plaintiff fails to state a claim, lacks standing to raise certain claims, and this Court lacks jurisdiction to hear these claims.

## FACTS

In January 2003 plaintiff began working as an employee of defendant Titan, as an Arabic Linguist assigned to work in Kuwait.  Complaint, ¶ 39.  Plaintiff alleges that after the war in Iraq began, Titan "sold plaintiff as a slave to the military," who made plaintiff "one of the first prisoners of war," and took plaintiff into Iraq to serve as an Arabic-English interpreter for the military, "stationed on the front line in Iraq."  Id. at ¶¶ 43-45.  During this time plaintiff alleges that he faced numerous deprivations and dangers, suffered physical and mental injuries, and ultimately was terminated from employment with Titan.  Id. at ¶ 46-63.

In Count I (Misrepresentation), brought against President Bush and Vice-President Cheney in their official capacities, Complaint, ¶¶ 2-3, plaintiff alleges that these defendants misrepresented that Iraq was engaged in developing weapons of mass destruction, which provided a justification for the war in Iraq in which plaintiff allegedly was injured. Id. at ¶¶ 69-110. Plaintiff also alleges that he went to Kuwait in reliance on President Bush's assurance that the war with Iraq would be quick and because plaintiff had been led to believe "that the United States was at risk of imminent attack." Id. at ¶ 94.

Plaintiff brings Count II (Promissory Estoppel) and Count III (Suspension of the Writ of Habeas Corpus) against President Bush in his official capacity. Complaint, ¶ 3. Plaintiff does not specify the basis for his promissory estoppel claim, other than to refer to certain factual allegations in the Complaint, and his writ of habeas claim addresses only actions purportedly taken by defendant Titan. Id. at ¶¶ 111-122.

Count IV (Due Process) and Count V (First, Third and Fourteenth Amendments) are brought against Secretary Rumsfeld in his official capacity for allegedly arresting and detaining plaintiff, denying him an opportunity to challenge his alleged detention, and requiring him to associate with the military even though he was a conscientious objecter. Id. at ¶¶ 5, 123-148. The nub of these claims is that plaintiff was impressed into the

U.S. military, a claim not seriously raised in connection with the U.S. military since 1812 when U.S. military personnel were impressed to serve in the English military.[1]

Count VI alleges certain violations of the Geneva Convention in connection with plaintiff's alleged treatment in Iraq and is brought against President Bush, Vice-President Cheney and Secretary Rumsfeld.  Complaint, ¶¶ 3, 5, 6, 149-174.

Count VII -- "International Law Launching a War of Aggression -- is brought against all three of these defendants, although it is also brought against defendants Bush and Cheney in their individual capacities.  Id. at ¶¶ 2-6, 175-182.  This Count alleges violations of "[t]he United Nation Charter [which] forbids the initiation of a 'war of aggression.'"  Id. at ¶ 175. Significantly, it is the only count brought against a federal defendant in his individual capacity.  Id. at ¶¶ 2-6.

Finally, Count VIII, "Slavery" and Count X, "Right to Travel" are also brought against all three federal defendants. Id. at ¶¶ 5-6.[2]  Plaintiff does not delineate any specific claim under these counts; rather, he merely incorporates prior

---

[1] Since plaintiff claims he was sold as a "slave" to the Department of Defense and that his employment relationship was with Titan, who allegedly wrongfully terminated him, Complaint, ¶ 234, plaintiff apparently raises no claim that he was ever an employee of the Department of Defense.

[2] Plaintiff appears to have confused the number of these two Counts with their respective titles.  Compare Complaint, ¶¶ 5-6 with id. at ¶¶ 189 & 194.

4

paragraphs of the Complaint by reference.  Id. at ¶¶ 189-194.  Moreover, he requests no relief for Count VIII.  See Docket No. 1-2 at pp. 26-27.

**ARGUMENT**

**I.   LEGAL STANDARDS**

Federal defendants move for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over the subject matter of plaintiff's claims against these defendants, and under Rule 12(b)(6), as the plaintiff fails to state a claim against them upon which relief can be granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. Apr. 17, 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a

preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; Rann, 154 F. Supp. at 64.

Furthermore, a Rule 12(b)(6) motion to dismiss should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

**II. THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST FEDERAL DEFENDANTS IN THEIR OFFICIAL CAPACITY**

To the extent that plaintiff seeks damages against the individual defendants in their official capacities, plaintiff's claims must be dismissed because there has been no waiver of sovereign immunity for such claims. Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Lane v.

Pena, 518 U.S. 187, 190-91 (1996); Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).  That plaintiff may have named federal employees as defendants in their official capacities does not operate to evade the immunity of the sovereign.  See Clark v. Library of Congress, 750 F.2d 89, 103-104 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity); Jackson v. Bush, – F. Supp.2d –; 2006 WL 2597896 (D.D.C. Sept. 11, 2006).

Because plaintiff alleges a deprivation of his constitutional rights against federal defendants in their official capacities, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear the claims.[3]  FDIC v. Meyer, 510 U.S. 471, 476-478 (1994).

---

[3]  Plaintiff raises no constitutional claims against federal defendants in their individual capacities.  See Complaint, caption, ¶¶ 2-6.  Had he asserted any such claims under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), those claims would be subject to dismissal on absolute and qualified immunity grounds.  See, e.g., Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) ("Applying the principles of our cases to claims of this kind, we hold that petitioner, as a former President of the United States, is entitled to absolute immunity from damages liability predicated on his official acts."); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Jackson v. Bush, 2206 WL at 2597896, *3 (any connection plaintiff has alleged between defendants and the supposed incidents at issue "is fanciful at best").  Moreover, certain of plaintiff's claims against federal
(continued...)

### III. PLAINTIFF'S REMAINING CLAIMS FOR DAMAGES MUST BE DISMISSED.

Aside from plaintiff's constitutional claims discussed above, plaintiff also raises a common law tort claim of misrepresentation (Count I), an undefined promissory estoppel claim (Count II), alleged violations of the Geneva Conventions and the U.N. Charter (Counts VI and VII)[4], and an undefined violation of a right to travel (Count X).  The Liability Reform Act makes plain, however, that the exclusive remedy for these claims for damages is a suit against the United States under the Federal Tort Claims Act [FTCA}, 28 U.S.C. § 2679(d).

Section 2679(d) states that a plaintiff's sole remedy for a claim of damages arising from any "negligent or wrongful act" or omission of a government employee acting within the scope of his or her employment is a suit against the United States under the FTCA.  Schneider v. Kissinger, 310 F. Supp.2d 251, 264 (D.D.C. 2004), aff'd 12 F.3d 190 (D.C. Cir. 2005).  Upon certification by a designee of the Attorney General that the individual employee acted within the scope of his employment, the United States is substituted in place of the individual defendant.  Id. (citing

---

[3](...continued)
defendants appear to be based on the doctrine of *respondeat superior*, which cannot provide a basis for Bivens liability.  Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993).

[4]  Count VII is the only Count brought against a federal defendant in his individual capacity; it is brought against defendants Bush and Cheney.  Complaint, ¶ 4.

Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995)); see also 28 U.S.C. § 2679(d)(1). That certification has been completed. See. Exh. A, attached. As part and parcel of this substitution, the individual defendants are absolutely immune from suit for the alleged non-constitutional and non-statutory claims raised in the Complaint. See 28 U.S.C. § 2679(b)(1).

The Liability Reform Act provides only two exceptions to its exclusive remedy rule. That rule does not apply to claims brought "for a violation of the Constitution" or "for a violation of a statute of the United States." 28 U.S.C. § 2679(b)(2). All other claims against federal employees based upon conduct undertaken within the scope of federal employment are barred by the Act. See, e.g., United States v. Smith, 499 U.S. 160, 166-67 (1991) (refusing to infer another exception beyond the two expressly stated in the Liability Reform Act).

Plaintiff's remaining claims in this case do not fall under either exception. None of these remaining claims constitute an alleged violation of the Constitution or a statute of the United States. This is true even for plaintiff's claims under the Geneva Convention. Treaties adopted by the United States may be part of the "law of the land,"[5] see Zicherman v. Korean Air Lines

---

[5] The distinction between federal constitutional, statutory and treaty provisions is expressly recognized in the Constitution. The Supremacy Clause states: "This Constitution, and the Laws of the United States which shall be made in
(continued...)

9

Co., 516 U.S. 217, 226 (1996), but a tort claim based directly upon a treaty does not constitute a claim for the violation of the Constitution or a federal statute as required by the Liability Reform Act. This is especially clear given the Supreme Court's narrow construction of the exceptions to the Liability reform Act. See, e.g., Smith, 499 U.S. at 173-74. In Smith, the Court held that "Congress' express creation of these two exceptions [for violations of the Constitution and federal statutes] convinces us that the Ninth Circuit erred in inferring a third exception" to the Liability Reform Act. Id. at 167. This Court should reject plaintiff's attempt to create a third exception for claims for violations of treaties.[6]

This is also true for plaintiff's claims against defendants Bush and Cheney in their individual capacities under the United Nations Charter. Complaint, ¶¶ 4, 175-182. The Court of Appeals for this Circuit in Comm. Of U.S. Citizens Living in Nicaragua v. Reagan, 859 F.2d 929, 936 (D.C. Cir. 1988), refused to adjudicate

---

[5](...continued)
pursuance thereof; and all Treaties made, or shall be made, under the Authority of the United States, shall be the Supreme Law of the Land . . . ." Art. VII, Clause 2 (emphasis added).

[6] Moreover, plaintiff's Count VI should be dismissed because the Court of Appeals for this Circuit has held that the Geneva Convention does not provide all private parties with a right to enforce its provisions in court. Hamdan v. Rumsfeld, 415 F.3d 33, 40 (D.C. Cir. 2005), reversed on other grounds, 126 S. Ct. 2749 (2006); Johnson v. Eisentrager, 339 U.S. 763, 789 n.14 (1950) (1929 Third Geneva Convention did not provide private parties with judicially enforceable rights).

a claim that United States policy and actions concerning Nicaragua violated the U.N. Charter.  Id. at 937.  The Court held that The U.N. Charter "simply does not confer rights on private individuals."  Id.

Upon substitution of the United States on Counts I, II, VI, VII & X in accordance with the Liability Reform Act, dismissal of the resulting FTCA claims is required.

One prerequisite for filing a civil tort action under the FTCA is that the claimant must first file an administrative claim pursuant to 28 U.S.C. § 2675(a).  McNeil v. United States, 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  This provision is jurisdictional and cannot be waived by equitable considerations or otherwise.  Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh. denied, 793 F.2d 304 (D.C. Cir. 1986), rev'd on other grounds sub nom. United States v. Hohri, 482 U.S. 64 (1987); Schneider, 310 F. Supp.2d at 269; Stokes v. United States Postal Service, 937 F. Supp. 11, 14 (D.D.C. 1996) (An administrative claim "is a mandatory jurisdictional prerequisite to filing a lawsuit against the United States.").  This statutory requirement requires the putative plaintiff to file with the agency: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages

claim." GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987). The purpose of the requirement is to enable the agency "to determine whether settlement or negotiations to that end are desirable" and thus perhaps obviate the need for litigation. Id. at 920.

Plaintiff has failed to comply with the FTCA's administrative claim requirements. See Exh. 2, Declaration of Charles D. Hayes, attached, ¶ 1. Accordingly, plaintiff has failed to state a claim under the FTCA. Therefore, to the extent that the Complaint raises non-constitutional and non-statutory claims against federal defendants, such claims must be dismissed for failure to exhaust administrative remedies.

Moreover, even if plaintiff had exhausted his administrative remedies, his claims would be barred by the FTCA's "foreign country exception", 28 U.S.C. § 2680(k), which exempts from FTCA jurisdiction "[a]ny claim arising in a foreign country." Harbury v. Hayden, 444 F. Supp.2d 19, 25-26 (D.D.C. 2006). The Supreme Court held in Sosa v. Alvarez-Machain, 542 U.S. 692 (2004), in a unanimous decision, that "the FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." 542 U.S. at 712. The effect of this ruling is to deprive this Court of subject matter jurisdiction over plaintiff's remaining claims.

12

In Sosa, a Mexican national, Alvarez was abducted from Mexico to the United States, with the approval of officials from the Drug Enforcement Administration, to stand trial for the torture and murder of a DEA agent in Mexico. Upon his acquittal, Alvarez sued the United States under the FTCA for false arrest. The district court dismissed the FTCA action as precluded by the foreign country exception to the FTCA. The Ninth Circuit reversed and applied the "headquarters doctrine" to the case to find that the abduction in Mexico was the result of alleged negligent or wrongful planning and direction by DEA agents in California. Because of DEA's actions in California, the Ninth Circuit concluded that Alvarez' claim did not "arise" in a foreign country and could proceed.

The Supreme Court reversed the Ninth Circuit and rejected the application of the "headquarters doctrine" to undermine the FTCA foreign country exception. The Court found that "[l]egal malpractice claims, allegations of negligent medical care, and even slip and fall cases can all be repackaged as headquarters claims based on a failure to train, a failure to warn, the offering of bad advice, or the adoption of a negligent policy." 542 U.S. at 702-03. In other words, the "headquarters doctrine" as interpreted by the lower courts "threatens to swallow the foreign country exception whole." Id.

at 703.  Thus, claims based on injury suffered in a foreign country are encompassed by the FTCA foreign country exception, regardless of where the negligent acts or omissions occurred.

The application of the Sosa ruling to plaintiff's remaining claims requires dismissal.[7]

### IV. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF MUST BE DISMISSED FOR LACK OF STANDING.

In Steel Co., aka Chicago Steel & Pickling Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), the Supreme Court reiterated the well established three requirements to meet the irreducible constitutional minimum of standing: (1) there must be an alleged injury in fact, (2) there must be a causation connection between the plaintiff's injury and the complained of conduct of the defendant, and (3) there must be redressability or a likelihood that the requested relief will redress the alleged injury.  The Court stated that the party invoking federal jurisdiction bears the burden of establishing its existence.  Id. at 88.

Under Count III (Suspension of the Writ of Habeas Corpus) plaintiff seeks injunctive relief prohibiting a draft or detention of citizens to serve in Iraq.  See Complaint, Docket No. 1-2, p. 25.  Plaintiff's allegations under Count III, however, refer only to actions allegedly taken by defendant

---

[7] Additionally, the FTCA specifically bars claims for misrepresentation and false imprisonment.  28 U.S.C. § 2680(h).

14

Titan. Complaint, ¶¶ 112-122. Accordingly, plaintiff has pointed to no injury with respect to this Count caused by any actions allegedly taken by federal defendants and thus there is no present injury for this Court to address on this Count with respect to federal defendants.

For Counts IV-V, plaintiff seeks undefined injunctive relief. Complaint, Docket No. 1-2, pp. 25-26. These counts consist of plaintiff's constitutional allegations of violations of due process and illegal detention. Id. at ¶¶ 123-148. Plaintiff, however, does not allege that he is currently being detained as a result of any actions taken by federal defendants. See generally Complaint. Accordingly, because plaintiff can point to no current concrete injury currently in need of injunctive relief by this Court, he lacks standing to seek injunctive relief on the claims raised in Counts IV-V.

As explained above, with respect to Counts VI and VII, pertaining to the Geneva Convention and the U.N. Charter, plaintiff lacks standing to raise claims concerning these treaties. See supra at 10-11 & n. Finally, plaintiff seeks no relief under Count VIII and with respect to Count X, he states no facts that indicate he has any current injury with respect to travel that could form the basis of any injunctive relief. Complaint, ¶¶ 194, Docket 1-2, pp. 26-27.

Accordingly, plaintiff's Complaint raises no claims that could support the entry of any injunctive relief.

## **CONCLUSION**

For the foregoing reasons, plaintiff's claims against President George W. Bush, Vice-President Richard Cheney, and Secretary of Defense Donald Rumsfeld should be dismissed in their entirety.

October 30, 2006              Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

ABDULWAHAB NATTAH, et al.,     )
                               )
         Plaintiffs,           )
                               )
    v.                         )   Civil Action No. 06-0700 RCL
                               )
GEORGE W. BUSH, et al.,        )
                               )
         Defendants.           )
_____)

### ORDER

Upon consideration of Federal Defendants' Motion To Dismiss, and of the entire record, and it appearing to the Court that the granting of federal defendants' motion would be just and proper, it is by the Court this _____ day of_____, 2006,

ORDERED that Federal Defendants' Motion to Dismiss be, and it is, granted, and it is further

ORDERED that this case as it pertains to federal defendants be, and it is, dismissed with prejudice.

                                   _____
                                   UNITED STATES DISTRICT JUDGE

Copies to:


Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530


Michael Beattie, Esq.
9502B Lee Highway
Fairfax, VA 22031