# IRAQ

# LABOR CODE

(Act No. 71 of 1987, dated July 27th, 1987.)

### Part I. Basic Principles (Labor Code)

1. (Labor Code)

The purpose of this Code is to involve labor in the process of building the national economy so as to achieve prosperity and improve living conditions.

2. (Labor Code)

This Code guarantees the right to work, under equal conditions and with equal opportunity, to all citizens who are able to work, without any discrimination on the basis of sex, race, language or religion. Thus, every citizen shall have the possibility of pursuing vocational training within the limits established by the State in relation to the amount of work and the nature of the work in each occupational branch.

3. (Labor Code)

Work is a sacred duty dictated by the nobility of humankind and by the need to participate in the edification, progress and prosperity of society.

4. (Labor Code)

This Code guarantees every worker the right to earn a wage which is adequate to meet his essential needs and those of the worker's family and to enable the worker to benefit from the results of economic progress. The following factors shall therefore be taken into account in determining wages:

(1) the type and amount of work performed by the worker, so that wages shall be linked to production;

(2) the principle of equality of remuneration for the same type and the same quantity of work performed under identical circumstances;

(3) the need to protect wages so that they may not be subject to deductions other than those provided by law, with the worker retaining a portion of his wages sufficient to enable him and the worker's family to enjoy an acceptable standard of living in accordance with the provisions of this Code.

5. (Labor Code)

Labor relations shall be based upon social solidarity between the various parties concerned, and this pre-suppose their collaboration and assumption of responsibilities.

6. (Labor Code)

Trade union organizations shall play an effective role in the organization of labor relations, in the protection of workers' rights and in the development of their personalities

and talents.

7. (Labor Code)

Arab workers employed in Iraq shall be treated on an equal footing with Iraqi workers in regard to the rights and duties set forth in this Code.

8. (Labor Code)

(1) The provisions of this Code apply to all workers employed in the private, mixed and co-operative sectors.

(2) For purposes of this Code, "worker" means any person who performs work in return for wages, in the service of an employer and under the employer's authority and supervision. "Employer" means any individual or legal entity who employs one or more workers in return for wages.

(3) The provisions of this Code apply to enterprises and other workplaces in which one or more workers are employed.

9. (Labor Code)

The rights set forth in this Code represent minimum rights accorded to workers. Workers in employment relationships which are governed by special rules shall benefit from either the provisions of those rules or the provisions of this Code, whichever is more favorable to them.

10. (Labor Code)

Arabic is the language to be used in all employment relationships, whether involving contracts, records or other documents. The Kurdish languages shall be used for the same purposes as Arabic in the autonomous region of Kurdistan. No one relying upon a document drawn up in another language may prevail in a claim against a worker, even if the document bears the worker's signature.

11. (Labor Code)

Any agreement, assignment or waiver made in the course of the employment relationship, or within 6 months of its termination, under which a worker has ceded any rights under this Code shall be null and void.

12. (Labor Code)

Wage debts owed by an employer to a worker or his heirs is a privileged debt against the employer's property, in accordance with the laws in force.

13. (Labor Code)

For purposes of this Code, a year has 365 days and a month has 30 days.

14. (Labor Code)

If there is a transfer in ownership or operation of a private establishment, the new employer shall be required to fulfill the duties owed to the worker by the prior employer.

***Part II. Placement and Vocational Training (Labor Code)***

**Chapter I. Placement (Labor Code)**

15. (Labor Code)

The Labor Services of the Ministry of Labor and Social Affairs shall be responsible, through its employment offices, for organizing the placement of workers in relation to available jobs and in such a way as to achieve equity and equality between workers.

16. (Labor Code)

An advisory committee established under an order of the Ministry of Labor and Social Affairs shall assist the Labor Service in carrying out its tasks in regard to the placement of workers and shall submit proposals and recommendations to it in this connection.

17. (Labor Code)

An employer may engage an Iraqi citizen subject to the requirement of notifying the employment office within 10 days of the date of recruitment; every unemployed citizen who wishes to work may register with the employment office in his region, unless provided otherwise by law.

18. (Labor Code)

An employer may engage an Arab worker subject to the requirement of notifying the employment office within 10 days of the date of recruitment; every unemployed Arab worker who wishes to work may register with the employment office in his region, unless provided otherwise by law.

19. (Labor Code)

Employment offices of the Labor Service, in carrying out their functions in relation to the placement of workers, shall:

(1) register jobseekers in a special register, in the order of the receipt of their request to work;

(2) ascertain the type of work which the worker wishes to perform, in accordance with the certificates and other documents the worker presents upon registration;

(3) issue the jobseeker with an employment card on which personal data and information about the type of work he is seeking to perform are noted.

20. (Labor Code)

An employer may request the employment office in the region to present job candidates in accordance with the following procedure:

(1) the employer shall make a request to the employment office in the region, specifying the type of work offered and the qualifications required to perform it;

(2) the employment office must reply to the request by referring workers who are registered with the office. If no worker so registered fulfills the requirements, the employment office shall contact other employment offices to see if they can meet the employer's request;

(3) within 15 days of receiving the request, the office shall inform the employer of the candidate proposed or shall inform the employer that the request cannot be fulfilled;

(4) if the employer has received no reply from the employment office in accordance with the provisions of (3), the employer has the right to engage any worker of his own choice.

21. (Labor Code)

If a worker refuses to work for which he has been put forward, the worker shall lose his ranking in the chronological order of priority, as long as his candidature had been put forward for work commensurate with his qualifications and level of competence; 3 months after the date on which his candidacy has been proposed the worker may apply anew for registration.

22. (Labor Code)

The services offered by the employment offices referred to in this Chapter shall be provided free of charge.

23. (Labor Code)

No foreign worker may be engaged before having received a work permit in accordance with the requirements and procedures laid down in directives issued by the Minister of Labor and Social Affairs.

24. (Labor Code)

(1) Any person or entity infringing the provisions of this Chapter relative to the employment of Arab workers shall be subject to a fine of from 50 to 150 dinars.

(2) Any person or entity infringing the provisions of this Chapter relative to the employment of foreigners shall be subject to imprisonment for a period of one to 6 months and to a fines of from 100 to 300 dinars.

**Chapter II. Vocational Training (Labor Code)**

25. (Labor Code)

Vocational training has the aims of:

(1) training beginners in all branches of occupational activity and providing them with technical training with a view towards furnishing various sectors with the qualified workers they need;

(2) raising the technical skill level of trained workers and improving their occupational qualifications and productivity.

26. (Labor Code)

Instructions issued by the Ministry of Labor and Social Affairs shall determine the occupations for which training is to be provided, the period of training for each occupation, the amount of compensation to be granted to trainees, the curricula in relation to theoretical and practical knowledge, the examination system, the certificates to be awarded and the information which is to appear on such certificates.

27. (Labor Code)

(1) The relationship between the trainee and the entity providing the training shall be

governed by a written contract which sets forth the stages and duration of the training, as well as the rights and duties of the trainee.

(2) The Vocational Training Service shall be responsible for making the contributions provided for by the Law on Pensions and Social Security for workers during the training period if the trainees receiving training has an accident or dies in the course of training or as a result of it. The provisions of the Employees' Retirement and Social Security Act shall apply in regard to trainees.

28. (Labor Code)
A trainee may unilaterally terminate his training contract, as long as less than half of the envisaged period for training has elapsed. The entity providing the training may terminate the training contract at any time by reason of objective factors relating to the trainee's level of aptitude or to his assiduousness or conduct during training. Neither party may claim compensation from the other party in any of the cases indicated above.

**Part III. Labor Relations (Labor Code)**

29. (Labor Code)
A contract of employment is an agreement concluded by a worked and an employer under which the worker undertakes to perform specified work for the employer, subject to the employer's direction and supervision, in return for the employer's payment of the agreed wage.

30. (Labor Code)
A contract of employment must be drawn up in writing and shall stipulate the type of work to be performed and the amount of wages to be paid. If there is not written contract, the worker shall bear the burden of proof to show that the contract exists and to present evidence in support of any claims arising under the contract.

31. (Labor Code)
As long as the contract of employment so specified, a worker may be subject to a trial period of a maximum of 3 months in order to test his occupational skills, good conduct and assiduousness at work.

32. (Labor Code)
(1) In activities which are permanent in nature, no time-limit may be fixed for the contract, unless the requirements of the work imply calling upon additional workers for a fixed period and for the performance of specific work.

(2) A contract involving work which is temporary or seasonal in nature is a fixed-term contract. Temporary work means any work which is to be performed in a fixed period. Seasonal work means any work which must be performed during particular seasons of the year.

33. (Labor Code)
Once a worker has shown up at the workplace, ready to perform his work, but reasons

beyond the worker's control prevent the work from being performed, the worker shall be deemed to have worked and shall have a right to receive wages in return.

34. (Labor Code)

An employer has the following duties:

(1) to provide the worker with the means for performing his work;

(2) to pay the worker wages in accordance with the provisions of this Act;

(3) to ensure healthful conditions at the workplace and to take sufficient safety measures designed to protect the worker on the job;

(4) to provide the worker with the possibility and means of enhancing his cultural knowledge and technical skills;

(5) to give the worker, upon taking up employment, a receipt for any documents received by the employer and to return them to the worker at the end of the contract or upon the worker's request, unless returning them would be prejudicial to the employer;

(6) to give the worker, at the end of the contract of employment, a certificate specifying the date on which the worker took up employment, the expiry dates of the contract and the type of work performed. The worker may request that the certificate include other information; the employer shall comply with that request if the information in question is founded on fact;

(7) to sign a discharge for the worker at the end of the contract of employment, on the condition that the worker has fulfilled all obligations to the employer. The employer cannot claim any sum in return for granting the discharge, except where such claim is founded on the presence of a material error referred to in the text of the discharge document itself.

35. (Labor Code)

It shall be prohibited for a worker to:

(1) divulge, even after ceasing employment, any secrets about which he may have gained knowledge through work;

(2) keep, outside the workplace, any document or paper relating to work;

(3) perform work for a third party during working time;

(4) use a machine or a device he has not been assigned to use;

(5) show up for work intoxicated or under the influence of drugs;

(6) carry a weapon at the workplace, unless the nature of the work so requires;

(7) contract for a loan from agents or business people with whom the employer has a contractual relationship;

(8) arrange for meetings on workplace premises without the permission of the employer or of the competent trade union body.

36. (Labor Code)

A contract of employment shall terminate in the following instances:

(1) when the parties mutually decide to terminate it, as so stated in writing;

(2) on the expiry of the contract period;

(3) when the worker decides to terminate a fixed-term contract of employment, subject to having given the employer at least 30 days advance notice; if the worker quits without notice on or before the expiry of the prescribed notice period, the worker shall be

required to pay the employer compensation amounting to his or her wages for the notice period or fraction thereof;

(4) when the worker has contracted an illness which makes him or her unable to work and has not been cured within 6 months, as substantiated by an official medical report;

(5) when the worker has become incapacitated to the extent of 75% or more and is unable to work, as substantiated by an official medical report;

(6) when the working conditions in the establishment call for a reduction in the volume of work, on the condition that notice thereof is given to the Ministry of Labor and Social Affairs.

37. (Labor Code)

A worker may unilaterally terminate a contract of employment without any advance notice in the following two instances:

(1) when the employer has not fulfilled one of his duties set forth in the law, labor regulations, a collective labor agreement or an individual contract of employment; or

(2) when the employer has committed a misdemeanor or a crime against the worker or a member of his family either within or outside working hours.

38. (Labor Code)

A contract of employment shall not terminate upon death of the employer unless providing care or personal services for the employer was the main purpose of the contract.

39. (Labor Code)

The employer may liquidate his enterprise subject to the requirements of notifying the Minister of Labor and Social Affairs.

40. (Labor Code)

If the worker has been dismissed on the basis of an accusation made by the employer, it appears that the accusation was based upon a mistake or bad faith and a court has rules that the worker shall be released or acquitted, the worker shall be reinstated to his job and shall have the right to all of his wages for the period covering dismissal.

### Part IV. Wages (Labor Code)

**Chapter I. Wages and Wage Supplements (Labor Code)**

41. (Labor Code)

The term "wages" means any amount, however calculated, which an employer engaging a worker owes to him in return for work performed. A worker has a right to receive wages as from the date of taking up employment.

42. (Labor Code)

(1) A worker's wages shall be paid once a month on a working day, at the workplace or in a nearby pay office.

(2) Wages shall be paid in Iraqi currency. Payment of wages in other currencies shall not

release the employer from his or her obligations to the worker.

43. (Labor Code)

Bonuses and extra compensation shall count as wage supplements in the following cases:

(1) when they are provided for by law, work rules, or the contract of employment;

(2) when they have been granted over at least 3 years in a row and appear to be regular and general in application.

44. (Labor Code)

The percentage of sales or profits provided for in a contract of employment shall be deemed to be a wage supplement.

45. (Labor Code)

Wages may be fixed on a piece-rate basis or in accordance with any other system for determining the amount of the wage in relation to the worker's production, as long as the wage rate does not fall below that of the minimum wage for an unskilled worker.

### Chapter II. Wages – Fixing and Protection of Wages (Labor Code)

46. (Labor Code)

(1) A committee responsible for proposing, at regular intervals, the minimum wage for an unskilled worker shall be established by an Order of the Minister of Labor and Social Affairs; the committee members shall be:

(a) the Director-General of the Labor Service, who shall chair the Committee;

(b) the Director-General of the Employees' Social Security Scheme, member;

(c) a representative of the Confederation of Trade Unions, member;

(d) a representative of the Confederation of Iraqi Chambers of Commerce and Industry, member;

(e) a representative of the National Prices Office, member;

(f) two members chosen by the Minister of Labor and Social Affairs on the basis of their experience in and knowledge of various aspects of wage planning.

(2) The Minister of Labor and Social Affairs shall submit the Committee's proposals to the Council of Ministers for decision in this connection.

47. (Labor Code)

The wage rate agreed by the employer and the worker may not be lower than the minimum wage for an unskilled worker.

48. (Labor Code)

When a worker ceases employment, the employer shall be required to pay his wages within 7 days of the termination.

49. (Labor Code)

(1) Wage payments shall be made to the worker or to the worker's representative.

(2) The wages of a young person shall be paid directly to that person; such payment shall

release the employer from the obligations to the worker.

50. (Labor Code)

It shall be prohibited to limit the worker's freedom to dispose of his wages as he sees fit or to make purchases in particular establishments.

51. (Labor Code)

In accordance with this Act, wages owed to a worker shall be subject to attachment only for the repayment of a debt arising out of a court order; provided that only 20% of the worker's wages may be attached.

52. (Labor Code)

(1)    (a) An employer shall maintain a wage register in which all particulars of the worker's wages, wage deductions and net wages paid to the worker shall be noted;

    (b) The above-mentioned register shall not contain any blanks, erasures or additions.

    (c) The wage register shall be subject to verification upon inspection.

(2) An employer shall be discharged in respect of outstanding wages only once the worker has signed the wage register. Nonetheless, a worker's signature unaccompanied by any stated reservations shall not constitutes waiver of any rights on his part.

53. (Labor Code)

Any person infringing the provisions on wages provided for in this Part shall be subject to a fine of from 50 to 300 dinars. If the infringement concerns paying a wage which is lower than the minimum wage for an unskilled worker, the contravening party shall be required, in addition to paying the fine imposed, to pay the worker compensation in an amount which is two times the difference between the wage paid and the minimum wage.

### Part V. Hours of Work and Leave (Labor Code)

#### Chapter I. Hours of Work (Labor Code)

54. (Labor Code)

The term "hours of work" means the time during which the worker is at the disposal of the employer engaging him, but excluding the rest periods provided to permit the worker to eat his meals and to rest. The employer shall determine the times at which the working day shall begin and end.

55. (Labor Code)

Hours of work shall be a maximum of 8 hours per day, subject to the exceptions provided for in this Act.

56. (Labor Code)

For work performed in two shifts and intermittent work, the worker shall not be required to be present at the workplace for more than 12 hours, with the number of hours of actual work still being limited to 8 per day.

57. (Labor Code)

The number of hours of work per day shall be reduced for work which is arduous or harmful to health. Employers shall determine such types of work and the number of maximum working hours applicable to them in accordance with instructions drawn up by the Ministry of Labor and Social Affairs based upon proposals made by the National Center for Occupational Health and Safety.

58. (Labor Code)

(1) Daily working hours shall include one or more rest periods, totalling between 30 minutes and 1 hour, to allow workers to eat their meals and to rest; these rest periods shall be arranged by the employer in such a way that no period of work lasts more than 5 hours at a time.

(2) In establishments where work must be performed without interruption owing to technical reasons or the very nature of the production or services offered, workers shall have a right to one or more rest periods totalling at least twenty minutes.

(3) In activities which are performed in two shifts, the rest period separating the two shifts shall last from 1 to 4 hours.

59. (Labor Code)

(1) Work is divided into:
      (a) day work, performed between 6 a.m. and 9 p.m.;
      (b) night work, performed between 9 p.m. and 6 a.m.;
      (c) mixed schedule work, performed in a period which spans the hours of both day and night work; in this case no more than 3 hours may be performed as night work.

(2) Working hours shall not exceed:
      (a) 7 hours of night work; or
      (b) 7 and 1/2 hours of mixed schedule work.

(3) For work which is performed during the day and during the night on an alternating basis, a worker shall not perform night work for more than one month at a time.

60. (Labor Code)

(1) Every worker has a right to at least one paid day of rest per week.

(2) The employer shall schedule the weekly day of rest on the same day for all staff, or shall grant the weekly day of rest on a rotating basis, as long as each worker can take his day of weekly rest on a predetermined day.

61. (Labor Code)

An employer may, with the workers' agreement, have workers perform work on the weekly day of rest or on a holiday as long as they receive either a supplement amounting to 100% of their wages or compensatory days off.

62. (Labor Code)

The working hours provided for in this Act may be extended in order to prevent an imminent accident or in other cases of force majeure and urgent work. The increase in the number of hours of work shall be in relation to the time necessary to address the particular situation involved.

63. (Labor Code)

(1) An employer may extend the working hours established pursuant to this Act in the following instances:

(a) to handle an exceptional increase in work at the time of festivals, seasonal work or for other reasons;

(b) to repair or maintain devices, tools and machines whose shut-down would entail immobilizing work or making a great number of staff inactive;

(c) to avoid the deterioration of substances or products;

(d) to establish annual inventory and accounts, prepare for sales or open for the season.

(2)    (a) In industrial activities which are performed in shifts, no more than one hour per day shall be worked as overtime.

(b) In performing preparatory or complementary work in industry, or in handling extraordinary work, no more than 4 hours per day shall be worked as overtime.

(c) In non-industrial activities, nor more than 4 hours per day shall be worked as overtime.

64. (Labor Code)

(1) Work performed during rest period, on the weekly day of rest or outside normal working hours shall be deemed to be overtime work.

(2) Wages shall be doubled when overtime work is performed at night or when arduous or harmful work is involved. Wages shall be increased by 50% when overtime work is performed during the day.

(3) When a worker works on his or her day of weekly rest, the worker shall receive a compensatory day of rest on another day of the week.

65. (Labor Code)

(1) If work has stopped entirely or in part owing to exceptional circumstances or force majeure, the employer shall be required to pay the worker his wages for the period of the stoppage, for up to 30 days; the employer may, however, assign the worker other similar work, or, in order to make up for the time lost, give the worker additional unpaid work not exceeding 2 hours per day for up to 30 days a year.

(2) If the work stoppage has been caused by the employer, the employer shall pay the workers their wages during the entire period of the stoppage; to make up for the time lost, the employer may give the workers additional paid work within the limits set forth in subsection (1) of this section.

66. (Labor Code)

(1) The provisions of this Chapter do not apply to workers in agriculture or to domestic workers.

(2) The provisions of section 56 of this Act do not apply to:

      (a) workers assigned to prepatory or complementary work which must be performed before or after work;

      (b) workers assigned to watchkeeping.

(3) Instructions drawn up by the Ministry of Labor and Social Affairs shall determine the types of work referred to in subsections (1) and (2) above and the rules on work scheduling affecting them, including an indication of the maximum daily and weekly hours of work and the hours during which workers are to be present at the workplace.

**Chapter II. Leave (Labor Code)**

*Division I. Annual leave (Labor Code)*

67. (Labor Code)

(1) A worker shall have a right to 20 days' leave for each year of work.

(2) A worker employed in work which is arduous or harmful to health shall have a right to 30 days' paid leave for each year of work.

(3) A worker shall have a right to proportional leave in relation to any fraction of a year of work.

(4) An employer may, in case of necessity and upon the worker's request, grant unpaid leave.

68. (Labor Code)

The length of a worker's annual leave shall be increased by 2 days after every additional 5 years of continuous service with the same employer.

69. (Labor Code)

(1) A worker shall take his annual leave all at one time.

(2) Annual leave may be divided up if the necessities of the work and the interest of the worker so require. In such a case, at least 6 continuous worker days of leave shall be taken at one time. The remaining days of leave shall be granted in accordance with agreed procedures and within no more than one year after the performance of the work.

70. (Labor Code)

A worker shall not engage in any remunerative activity during his annual leave.

71. (Labor Code)

Any agreement under which a worker partially or totally waives his right to take annual leave in return for compensation or for any other reasons shall be null and void.

72. (Labor Code)

(1) At the time the leave is granted, a worker shall be paid the wages due for the period of annual leave.

(2) In case of termination of employment for any reason, the compensation for days of annual leave not yet taken shall be paid to the worker on the basis of the last wages payable.

(3) Compensation for days of annual leave accumulated by the worker in accordance with prior laws constitutes an obligation on the part of the employer, and shall, be paid at the termination of the employment relationship.

73. (Labor Code)

(1) Work rules shall determine the period of annual leave. If there are no such rules or if the existing rules do not seta leave schedule, the worker shall fix the date of his annual leave in agreement with the employer.

(2) The employer shall allow the worker to take the annual leave provided for in this Act unless serious reasons related to the nature of the work or the circumstances in which it is performed require is to be deferred; the worker shall nonetheless take the minimum amount of leave provided for in Section 69(2) of this Act and shall, in respect of the leave he has been unable to take, receive compensation in an amount equal to his total wages payable for such period.

(3) If it has been established that a worker has not been able to take his annual leave during the year it is to be taken because the employer has refused to grant it, the worker shall receive compensation in an amount equal to his wages for the period of leave which has been denied.

74. (Labor Code)

The period of paid annual leave shall count as a period of actual service for all purposes in this Act and in other laws.

75. (Labor Code)

A worker is entitled to leave at full pay on holidays fixed by law.

76. (Labor Code)

It is permissible to engage a worker on a holiday, except, for the day of weekly rest, for one of the reasons set forth in Section 63 of this Act and in return for paying double wages.

*Division II. Sick leave (Labor Code)*

77. (Labor Code)

(1) For every year of work, the worker is entitled to 30 days' sick leave paid by the employer.

(2) Sick leave to which a worker is entitled under subsection (1) may be accumulated for a total of up to 180 days.

(3) When an insured worker has exhausted all of his paid sick leave and remains uncured, he shall be subject to the provisions of the Law on pensions and social security for workers.

(4) The Social Security Office shall reimburse the employer for the wage sums paid by the employer to the working during the period of sick leave exceeding the 30 days' sick leave per year pursuant to subsection (1) and (2) of this section.

78. (Labor Code)

(1) Sickness insurance shall be granted on the basis of a medical report drawn up by an approved medical service under contract with the employer or by an official medical authority.

(2) The period of sick leave shall count as actual service for all purposes under this Act and other laws.

79. (Labor Code)

Any persons who contravenes the provisions regarding hours of work provided for in this Part shall be subject to a fine of from 100 to 500 dinars.

**Part VI. Labor Protection and Workers' Protection (Labor Code)**

**Chapter I. Protection of Women Workers (Labor Code)**

80. (Labor Code)

Any employer employing one or more women is required to post at the workplace a copy of the provisions regarding the protection of women workers.

81. (Labor Code)

It shall be prohibited to employ women in arduous work or work which is harmful to health, as specified in the instruction referred to in Section 57 of this Act.

82. (Labor Code)

It shall be prohibited to assign pregnant women additional work which is likely to endanger their health or the health of the fetus.

83. (Labor Code)

(1) It shall be prohibited to make women work at night, unless the performance of night work is required by the necessity of preventing loss or raw materials or perishable products.

(2) Women workers shall be entitled to a period of at least 11 consecutive hours of rest each day, and that period must include 7 hours falling between 9 p.m. and 6 a.m.

(3) Subsection (1) of this section does not apply to:
      (a) women workers engaged in administrative work;
      (b) women workers employed in health or recreational services; or
      (c) women workers employed in transport or communication services.

84. (Labor Code)

(1) Every women worker is entitled to 62 days' maternity leave at full pay.

(2) A pregnant worker may, upon the presentation of a medical certificate from the competent service, begin the above-mentioned leave 30 days before the projected date of confinement and may take the remaining days after confinement.

(3) The competent medical service may extend the period of leave referred to in subsection (1) for up to 9 months in the case of a difficult childbirth, the birth or more than one child, or the appearance of complications before or after confinement. Days which exceed the length of the leave provided for in subsection (1) shall be counted as unpaid leave, unless the woman is subject to the Law on Pensions and Social Security for Workers.

85. (Labor Code)

A woman worker on maternity leave shall not be permitted to engage in remunerative work or in any activity likely to endanger her health.

86. (Labor Code)

(1) A working mother may, with the consent of her employer, take a special unpaid maternity leave for a period of up to one year in order to take care of her child, provided the child has not reached one year of age.

(2) A woman worker shall not use her special maternity leave for purposes other than those for which it was granted; if it is determined that a woman worker is engaging in remunerative activity for a third party during her special maternity leave, the leave shall be cancelled and the employer can ask her to return to work on a date set by the employer.

87. (Labor Code)

(1) Nursing mothers shall have a nursing break of up to 1 hour during working hours; the nursing break shall count as an hour of work.

(2) A woman worker with one or more children under the age of six may be absent from work without pay for a period of up to 3 days whenever one of her children is sick and needs her care.

88. (Labor Code)

Every employer employing women shall provide them with special facilities in relation to the particular requirements of their work.

89. (Labor Code)

The provisions of this Chapter do not apply to women who are engaged in a family enterprise in which only family members work and which is under the authority and supervision of the woman's spouse, father, mother or brother.

**Chapter II. Protection of Minors (Labor Code)**

90. (Labor Code)

(1) The term "minor" means any person who has not attained 18 years of age.

(2) Minors may not be employed in the following types of work and may not be present on premises in which they are carried out:

    (a) work which may lead to occupational or contagious disease or to serious contamination or work which, because of its nature, the procedures used or the circumstances under which it is carried out, presents a danger to the life, morality or health of the person engaging it; such types of work shall be determined by the Ministry of Labor and Social Affairs;

    (b) work performed by trimmers and assistant trimmers on board vessels.

91. (Labor Code)

(1) Minors who have attained 15 years of age may be employed in day work, but or in work which is arduous or harmful to health or in the types of work prohibited under Section 90(2) of this Code.

(2) Minors who have attained 17 years of age may be employed in day work, night work and overtime work, but not in the types of work prohibited under Section 90(2) of this Code.

(3) A minor may be employed only if his physical aptitude has been medically attested in a certificate issued by a competent service.

92. (Labor Code)

(1) A minor who has not attained 16 years of age may not work for more than 7 hours per day.

(2) Daily hours of work shall include one or more rest periods totalling at least 1 hour in order to allow the minor to rest; the rest periods shall be arranged so that no period of work lasts more than 4 consecutive hours.

93. (Labor Code)

A minor who has been permitted to work has the right to 30 days' paid annual leave per year.

94. (Labor Code)

An employer who employs minors who have been permitted to work in accordance with the law shall post at the workplace a copy of the provisions regarding the protection of minors and shall maintain a register specifying their names, ages and the work to which they have been assigned.

95. (Labor Code)

When an employment relationship exists between an employer and a minor who, under the provisions of this Act, is not permitted to work, the employer shall be obligated to pay the minor the agreed wage and to compensate him if he had an accident during or as a result of work, regardless of who was at fault.

96. (Labor Code)

The provisions of this Chapter do not apply to workers engaged in a family enterprise under the authority or supervision of the minor's spouse, father, mother or brother.

97. (Labor Code)

Any person infringing the provisions on the protection of minors and women embodies in Chapters I and II of this Part shall be subject to imprisonment for a period of from 10 days to 3 months or to a fine of from 100 to 300 dinars.

*Chapter III. Protection of Quarry Workers (Labor Code)*

98. (Labor Code)

The provisions of this Chapter apply to work in quarries.

99. (Labor Code)

(1) It shall be prohibited to employ workers in the industries and work covered by Section 98 of this Act before the workers have undergone medical examinations to ascertain their physical suitability for the work assigned.

(2) The medical examination shall be repeated at regular intervals at least once a year to verify the worker's physical suitability. The results of the examination shall be registered in the records of the enterprise.

100. (Labor Code)

The employer shall prominently post at the workplace:
        (1) the enterprise's work rules specifying hours of work and rest periods (with a copy sent to the trade union committee and the appropriate labor office);
        (2) health and safety instructions in the enterprise and any new provisions which may be adopted in this field.

101. (Labor Code)

(1) Access to work premises and adjacent areas shall be prohibited to any person who does not work there or who is not normally responsible for inspecting them; access shall also be prohibited outside the hours of work set for the workers engaged there, unless permission has been given.

(2) Upon the workers' arrival and departure, the employer shall register the names of those who have entered the work premises to perform their tasks.

102. (Labor Code)

(1) No worker shall be present at the workplace for more than 12 hours per day.

(2) As an exception to the provisions of subsection (1) above, a worker may carry on work temporarily and in case of necessity to prevent an accident or dangerous condition or to repair damage arising from an accident, provided the following requirements are met:

(a) the labor office and the trade union organization shall be informed, within 24 hours of the commencement of the work, of the accident which has taken place or of the risk of an impending accident;

(b) hours of work performed in accordance with the above provisions shall be deemed overtime work which shall be compensated in accordance with the law.

103. (Labor Code)

An employer shall draw up instructions on occupational safety in accordance with instructions issued by the Ministry of Labor and Social Affairs after consultation with the National Center for Occupational Health and Safety, and shall take the following measures:

(1) give orders regarding occupational safety whenever necessary;

(2) avoid having workers present at the site of explosions before all danger has passed;

(3) provide workers with adequate devices and clothing to ensure their protection against occupational hazards;

(4) inspect workplaces at regular intervals in order to verify that the measures called for in this section are being properly implemented.

104. (Labor Code)

An employer shall provide means of effecting rescues and shall provide first aid in case of emergency.

105. (Labor Code)

(1) The price of meals to be paid by a worker shall be determined by an order of the Ministry of Labor and Social Affairs.

(2) It shall be prohibited for a worker to waive his right to meals in exchange for cash payment.

106. (Labor Code)

Any person infringing the provisions regarding the protection of quarry workers contained in this Chapter shall be subject to imprisonment for a period of from 10 days to 3 months.

**Chapter IV. Occupational Safety Measures (Labor Code)**

107. (Labor Code)

An employer shall inform the worker, in writing and prior to engagement, of the occupational hazards
posed and the measures of protection to be taken. The employer shall also provide for prominently posting instructions which indicate the occupational hazards and the

measures of protection to be taken in accordance with instructions drawn up by the Ministry of Labor and Social Affairs.

108. (Labor Code)

(1) the employer shall:

        (a) take the necessary measures to ensure the on-the-job protection of workers against hazards which are harmful to their health and against dangers posed by the work and by machinery;

        (b) furnish means of protection against occupational hazards; no sum may be deducted from a worker's wages in exchange for the provision of such means of protection;

        (c) provide first aid.

(2) Means of protection and protective devices, along with requirements for their use and arrangements for their operation, shall be determined by instructions issued by the Ministry of Labor and Social Affairs after consultation with the National Center for Occupational Health and Safety.

109. (Labor Code)

Workers shall follow orders and instructions regarding measures of protection and occupational safety and shall carefully use the protective devices entrusted to them.

110. (Labor Code)

(1) It is one of an employer's basic obligations to provide measures of protection and to implement the instructions referred to in Sections 107 and 108 of this Act.

(2) The competent labor inspection committee shall, in its on-site inspection report concerning an enterprise, indicate the extent of occupational safety measures and the degree to which the employer is abiding by instructions on occupational safety and health. Any committee which fails, either negligently or on purpose, to include the above-mentioned information in its report shall be subject to discipline.

(3) If an employer does not abide by instructions on safety, the Ministry of Labor and Social Affairs may, after having issued a warning requesting the employer to correct the situation involving an infraction, decide to close the work premises or to shut off one or more machines until the circumstances giving rise to the closing or shut-off have been eliminated. Workers affected by these measures shall be paid their wages in full for the duration of the closing of the establishment or the shut-off of the machinery.

111. (Labor Code)

Any employer employing more than fifty workers shall engage a nurse assigned to provide first aid and shall conclude a contract with a doctor to provide care to workers at the workplace, in premises designated for this purpose, on a part-time basis. When the number of workers exceeds 100, the doctor shall be available at least 2 hours a day.

(2) If the number of workers exceeds 500, the employer shall engage a doctor full time in

the establishment.

(3) The medicaments and medical care shall be provided free of charge to workers.

112. (Labor Code)

(1) Provisions on occupational injuries contained in the Law on pensions and social security for workers shall also apply to non-insured workers.

(2)    (a) The Employees' Social Security Service is responsible for implementing the provisions of subsection (1) above.

(b) An employer shall be required to pay a contribution to the Employees' Social Security Service in return for benefits provided to a non-insured worker, in accordance with the following:

(i) if the injury has resulted in the worker's partial incapacity, the contribution shall be in the amount of 50% of the worker's daily or monthly wages over the period of one year;

(ii) if the injury has resulted in the worker's total incapacity or death, it shall be 100% of the worker's daily or monthly wages over the period of one year.

113. (Labor Code)

Any person who infringes the provisions regarding occupations safety measures contained in this Chapter shall be subject to a fine of from 100 to 300 dinars or imprisonment for a period of from 1 to 6 months.

**Chapter V. Labor Inspection (Labor Code)**

114. (Labor Code)

(1) Enterprises and other workplaces covered by the provisions of this Act shall be subject to labor inspection.

(2) The labor inspectorate shall have the following powers:

(a) to verify the implementation of the present Act, the law on pensions and social security for workers and instructions and decisions issued pursuant to their provisions; to verify the observance of the terms of individual contracts of employment and to conduct inspections of any matters involving labor relations or the protection of workers.

(b) to provide information and technical advice to the parties to an employment relationship regarding the most effective means of observing the legal provisions referred to in clause (a) of this section.

115. (Labor Code)

(1) Every 3 months, the Director-General of Labor shall draw up an overall report after examining inspection reports; the report shall include the Director-General's conclusions and proposals, and shall be submitted to the Minister of Labor and Social Affairs.

(2) At least every 3 months, the Confederation of Trade Unions shall undertake the same work as that described in subsection (1) above and shall submit its report to the Minister of Labor and Social Affairs.

(3)    (a) The Minister of Labor and Social Affairs shall examine the overall reports referred to in subsections (1) and (2) above, take note of the conclusions and proposals made therein and draw up proposals or instructions with a view to improving inspection procedures.

(b) The minister of Labor and Social Affairs shall publish an annual report of inspection activities, governing matters determined in instructions drawn up by the Ministry of Labor and Social Affairs.

116. (Labor Code)

(1) Labor inspection shall be performed under the supervision of the Minister of Labor and Social Affairs by committees chaired by a competent inspector on the staff of the Ministry of Labor and Social Affairs who is solely engaged in inspection; the committees shall include a member representing workers who has been named by the Confederation of Trade Unions and a members representing employers who has been named by the Confederation of Iraqi Chambers of Commerce and Industry.

(2) Notwithstanding the provisions of subsection (1) above, the labor inspector, as the person chairing the inspection committee, shall be authorized to undertake an inspection alone in case of necessity or in an emergency, once the authorization of his immediate superior has been granted; in such a case, the inspector shall be required to call the other two committee members together as soon as possible so that they may participate in the development of the inspections activities.

(3) The inspection committee may call upon duly qualified experts and technicians, including in particulars specialists in medicine, civil engineering, chemistry and electrical engineering.

117. (Labor Code)

(1) The inspection committee is empowered under this Act to:

(a) enter the workplace without prior notice during the working hours;

(b) enter, upon the prior approval of the Director-General of Labor, any enterprise or factory after working hours if there are good reasons for doing so;

(c) undertake any examinations deemed necessary to ensure the absence of infractions;

(d) take samples, for purposes of analysis, of substances used or processed;

(e) taken note of infractions which may exists and draw up reports dealing with them;

(f) take emergency measures in case of imminent danger which must be dealt with immediately, including the total or partial stoppage of work or the evacuation of the workplace.

(2) The committee or one of its members may question the workers whom they choose or any other person involved at the enterprise on an individual basis.

118. (Labor Code)

(1) Employers shall facilitate the tasks of the inspection committees and shall allow them to take note of any registers, documents, personnel files or other records and shall reply to questions posed.

(2) Any person who impedes the labor inspector or the inspection committee in entering the work premises for purposes of inspection or who interferes in any way with the fulfillment of the committee's activities shall be subject to imprisonment for a period of at least one month or to a fine of at least 300 dinars.

(3) Internal security forces shall assist inspection committees when so requested.

119. (Labor Code)

(1) To be appointed as a labor inspector, a candidate shall have at least a higher education degree and shall have successfully completed a training session organized for this purpose by the labor service.

(2) Labor inspectors and workers' representatives on inspection committees shall, at the time inspection responsibilities are conferred upon them, swear an oath before the Minister of Labor and Social Affairs.

(3) Labor inspectors and workers' representatives on inspection committees shall not:
      (a) receive any material or moral gain, whether directly or indirectly from projects subject to their inspection;
      (b) reveal manufacturing or commercial secrets or industrial processes of which they have learned in the course of their duties.

120. (Labor Code)

(1) The inspection committee shall, at the end of each inspection visit in an enterprise, draw up a detailed report in the form stipulated by the labor service and including the committee's observations and recommendations in relation to the enterprise inspected. Copies shall be sent to the labor service and to the Confederation of Trade Unions.

(2) The Minister of Labor and Social Affairs, or anyone else delegated thereby, shall be responsible for deciding, on the basis of the inspection committee's report, whether an employer who is found to be in contravention shall be referred to the competent labor court in accordance with the provisions of the law.

121. (Labor Code)

The report referred to in Section 120(1) of this Act shall, once certified by the labor inspector, constitute proof on which the court shall, in the absence of the contradictory proof, base its judgement.

*Part VII. Internal Organization of Work (Labor Code)*

**Chapter I. Duties (Labor Code)**

122. (Labor Code)

A worker shall fully observe the provisions of this Act, the instructions and decisions issued under it and the terms of collective labor agreements, individual contracts of employment and work rules; a worker is bound to apply them in good faith, in all honesty and fidelity, in a manner which serves the interest of production.

123. (Labor Code)

A worker shall perform his work within the scheduled hours of work and shall:

    (1) devote his time to fulfilling the duties assigned and avoid arriving late or being absent without justification;

    (2) obey orders given by the employer as long as they are necessitated by the requirements of the work.

124. (Labor Code)

(1) A worker shall take care of the property of the employer which has been entrusted to the worker and shall ensure the maintenance of equipment, machinery, substances or other tools placed at his disposal. Towards this end, the worker shall take all necessary measures to keep the, in good condition and to prevent their deterioration, to the extent his occupational qualifications and working conditions permit.

(2) A worker shall be responsible for any harm he has caused to the property referred to in subsection (1) above, whether caused voluntarily or as a result of the worker's mistake. Judicial decisions shall establish the amount of compensation which the worker is to pay, unless friendly settlement of the matter has been reached.

**Chapter II. Discipline (Labor Code)**

125. (Labor Code)

(1) The minister of Labor and Social Affairs shall draw up model disciplinary rules which shall serve as a guide to employers.

(2) Any employer employing ten or more workers shall draw up disciplinary rules for the workers and shall indicate punishable infringements.

(3) An employer shall submit the disciplinary rules for approval by the labor office of the governate. That office may amend them with reference to the model disciplinary rules and the necessities of the work; the office shall be required to notify the employer, within 30 days of the rules have been recorded, that they have been approved in their original form or as amended; after this period has elapsed, the rules shall be deemed approved.

(4) Following approval of the disciplinary rules applicable at work, the employer shall post them on a bulletin board set aside for this purpose. The rules shall take effect 15 days after posting.

(5) The employer shall draw up disciplinary rules applicable at work within 30 days of the drawing up of the model disciplinary rules.

126. (Labor Code)

A worker who has committed an infringement of the rules shall be subject to one of the following penalties:

 (1) a warning;

 (2) a wage deduction for up to 3 days, as long as the amount deducted does not exceed 20% of the worker's monthly wage;

 (3) suspension of the annual wage increment for up to 6 months;

 (4) elimination of the annual wage increment for the year during which the infringement was committed;

 (5) dismissal.

127. (Labor Code)

The penalty of dismissal may be applied only in the following cases:

 (1) when the worker has engaged in serious misconduct leading to material damage; in such a case the employer must have notified the labor office in the governate within 24 hours of the occurrence of the incident;

 (2) when the worker has disclosed a professional secret and such disclosure has prejudiced the employer;

 (3) when the worker has failed on more than one occasion to follows instructions regarding occupational safety, provided these instructions have been drawn up in writing and prominently posted or provided an illiterate worker has been orally notified by them;

 (4) when the worker has on more than one occasion been at the workplace in a state of obvious drunkenness or under the influence of drugs;

 (5) when the worker has on more than on occasion engage in conduct which is compatible with respect for work;

 (6) when the worker has inflicted physical harm on the employer personally or on the employer's representative or supervisors, whether or not at work, provided the employer has advised the labor office in the governate of the incident within 24 hours of its occurrence;

 (7) when a worker commits a misdemeanor or a crime at work involving one or his co-workers and has been found guilty by a court in a final judgement;

 (8) when a worker has been sentenced by the final judgement of a court to imprisonment for a period of more than one year;

 (9) when a worker has been absent from work without justification for 10 consecutive days, or for 20 non-consecutive days in a given year, provided the employer has, in the first case posted a warning at the workplace during the first 5 days of the absence and sent the competent trade union organization a copy on the same day and, in the second case given written notice to the worker at the workplace once he has been absence for 15 non-consecutive days during the work year.

128. (Labor Code)

(1) No accusation may be made against a worker in relation to any infringement alleged to have taken place more than 15 days previously.

(2) A worker may be penalized only after an inquiry has occurred and once he has been heard in the presence of a representative of the competent trade union organization, a decision on the outcome of the inquiry shall be taken within 15 days of the date on which

it ended.

### 129. (Labor Code)

(1) A decision to impose a penalty shall be set forth in writing and the worker shall be notified thereof. The worker may appeal the decision to the competent labor tribunal within 15 days of having received the notification. The decision of the tribunal shall be final except in a dismissal case, in which the decision may be appealed to the court of cassation.

(2) When the penalty of dismissal has been imposed and the tribunal has decided to revoke it or to replace it by another penalty, the workers shall be reinstated to his job and the period of suspension from work shall be treated for all purposes as a period of service; the employer shall be required to pay the worker's entire wages for that period and to make the contributions for that period to the Workers' Social Security Service.

### Part VIII. Dispute Resolution (Labor Code)

#### Chapter I. Labor Disputes (Labor Code)

### 130. (Labor Code)

The term "labor dispute: means collective conflicts affecting the common interest of workers which arise between them and employers in one or more enterprises, or in one or more, occupations or industries, and which lead to a divergence of views regarding the application of the Labor Code, implementing instructions issued under it or individual contracts of employment. Such conflicts constitute labor disputes when the parties are unable to reach a friendly settlement.

### 131. (Labor Code)

When a collective labor conflict has risen to the level of a dispute as defined in Section 130 above, the employer or employers concerned, or the competent trade union body shall at once notify the Minister of Labor and Social Affairs and the presiding officer of the Confederation of Trade Unions that a dispute exists, giving a full explanation of the reasons for it and the course of its developments and suggesting measures which should be taken to achieve a resolution.

### 132. (Labor Code)

(1) Directly upon receipt of a notification of a dispute, the Minister of Labor and Social Affairs shall make the necessary contacts with the employers and the employers' bodies concerned and shall ask them to take on an urgent basis, any measures which would serve to eliminate the reasons for the dispute, find a solution and resolve the dispute.

(2) Directly upon receipt of a notification of a dispute, the presiding officer of the Confederation of Trade Unions shall contact all the trade union bodies and categories of workers involved in the dispute, shall ask them to take appropriate measures on an urgent basis to prevent the situation from deteriorating and shall invite them to investigate, using all necessary means, the causes of the dispute and to make an effort to eliminate the causes and to reach a friendly settlement.

(3) The Minister of Labor and Social Affairs and the presiding officer of the Confederation of Trade Unions or any person which either one may have designated, shall exchange information on the results forthcoming from their respective efforts and shall consult regularly on the measures to take. Together, they shall meet with the representatives of the parties to the dispute and shall discuss with them their respective viewpoints in an attempt to bring their views closer and to achieve a resolution which is satisfactory to all parties.

(4) If, within 3 days of the date on which they learned of the dispute, the minister of Labor and Social Affairs and the presiding officer of the Confederation of Trade Unions have succeeded in their efforts to find a resolution, a meeting chaired by the latter shall take place; the Director-General of Labor shall act as secretary and the parties to the dispute shall each have an equal number of representatives. Minutes of the meeting shall be drawn up containing the terms of the agreement; four originals shall be signed by all the persons present, with one copy each for the minister of Labor and Social Affairs, the Confederation of Trade Unions, the Employer and the workers. All parties to the dispute shall observe the terms of this agreement, which shall enter into force immediately.

(5) If the efforts of the Minister of Labor and Social Affairs and the presiding officer of the Confederation of Trade Unions to reach a resolution of the dispute which is acceptable to all those concerned have not been successful within the time period provided in subsection (4) above, they shall issue a joint communique referring the dispute to the Minister of Justice. The Minister of Justice shall be asked to call the labor disputes panel of the Court of Cassation into session within 48 hours, so that it may examine the dispute. That panel shall remain in session until it has rules on the dispute before it.

(6) The labor disputes panel of the Court of Cassation may call the Minister of Labor and Social Affairs and the presiding officer of the Confederation of Trade Unions or their deputies and the two parties to the dispute to present testimony. The court may take any measures necessary to settle the dispute.

### 133. (Labor Code)
The labor disputes panel of the Court of Cassation shall render its judgement within 15 days from the date on which it took jurisdiction of the dispute; it shall issue the decision in public and in the presence of the two parties to the dispute. Its judgement shall be final.

### 134. (Labor Code)
If one of the two parties to the dispute is not before the labor disputes panel of the Court of Cassation on the day it renders its judgement, even though the party had been notified of the date of the proceedings, that party shall be deemed to have been notified of the judgement.

### 135. (Labor Code)
The employer and the workers shall implements the decision of the labor disputes panel

of the Court of Cassation within 3 days of its having been issued.

### 136. (Labor Code)

(1) if an employer or certain employers refuse to implement the decision issued by the labor disputes panel within 3 days of the notification of that decision, the workers involved shall have the right to stop work, with the period of the work stoppage considered as a period of service for the purpose of rights guaranteed them by law. In addition, any employer who has refused to implement the decision shall be subject to a penalty.

(2) The workers shall notify the Minister of Labor and Social Affairs and the presiding officer of the Confederation of Trade Unions as soon as they have undertaken a work stoppage and shall indicate the reasons therefor and the measures they have taken to maintain order and safety and to protect the means of production and the work premises.

### Chapter II. Labor Courts (Labor Code)

### 137. (Labor Code)

One or more labor courts shall be set up in each governate. Each shall be constituted by a sole judge named by the Minister of Justice on the recommendation of the presiding judge of the Court of Appeal.

### 138. (Labor Code)

A Court of Cassation body including three members and entitled the "labor disputes panel" shall be set up in order to rule on cases referred to in this Code.

### 139. (Labor Code)

Labor Courts have jurisdiction over the following:

(1) civil and penal actions, matters and disputes referred to in this Code, the law on pensions and social security for workers and Resolutions of the Revolutionary Command Council;

(2) temporary decisions involving actions within the jurisdiction of the Labor Courts. If there is no Labor Court, the court of first instance shall have jurisdiction;

(3) cases and any other matters which, according to the laws in force fall within the jurisdiction of the Labor Court.

### 140. (Labor Code)

Labor cases shall be treated on an urgent basis.

### 141. (Labor Code)

Unless a special provision of this Code provides otherwise, judgments of the Labor Court may be challenged, appealed to the Court of Cassation and made subject to review.

### 142. (Labor Code)

Any person who has been subject to a default judgement may challenge it in the Labor Court within 10 days of the notification of the judgement.

143. (Labor Code)

A judgement issued by the Labor Court may be appealed to the Court of Cassation within 30 days of the notification of the judgement.

144. (Labor Code)

The Court of Cassation may confirm or quash the judgement submitted to it on appeal and may rule on claims in accordance with the laws in force.

145. (Labor Code)

Claims involving rights and compensation to which workers are entitled shall, if not presented within 3 years, be barred by the statute of limitations.

146. (Labor Code)

The provisions of the Code of Civil Procedure and the Code of Criminal Procedure shall apply in their respective domains in regard to any matter not addressed by the present Code.

### Part IX. General and Final Provisions (Labor Code)

147. (Labor Code)

An employer shall, within 2 months of a judgement becoming final, rectify the conditions which gave rise to the infringement for which he has been held responsible. If it is a second infringement or more, the penalty provided for in this Code shall be doubled; if the penalty is a fine, it shall be replaced by imprisonment for a maximum of one month.

148. (Labor Code)

The rights and compensation to which workers are entitled by virtue of prior laws and which involve a period prior to the entry into force of this Code shall be evaluated in accordance with the provisions of those laws.

149. (Labor Code)

(1) The employer shall maintain the following records:

      (a) a register of workers' names;
      (b) a register of workers' wages;
      (c) a leave register;
      (d) a register of employed minors;
      (e) a register of inspection visits.

(2) The Labor Service shall draw up models for the registers referred to in subsection (1) above.

150. (Labor Code)

For any matters which have not been addressed in this Act, the provisions of other laws and of Arab and International Labor Conventions ratified in accordance with the law shall apply.

151. (Labor Code)

The Labor Code of 1970 (Act No. 151) is repealed; ministerial instructions and orders issued under it shall remain in force until repealed by new provisions.

152. (Labor Code)

The Minister of labor and Social Affairs shall draw up instructions and issue orders to facilitate the implementation of the provisions of this Code.

153. (Labor Code)

This Code shall enter into force as from the date of its publication in the Official Gazette.