# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

_____

## Motion for Leave to File 1<u>st</u> Amended Complaint

For the reasons stated in the accompanying brief and pursuant to Rule 15 of the
Federal Rules of Civil Procedure, plaintiff Nattah and the class he represents seek leave
to file a first amended complaint.


Respectfully submitted,

_/s/_____
Michael Beattie
2663 Manhattan Place Suite 106
Vienna, VA 22180
703 698 0623

Certificate of Service
A copy of the foregoing was served on opposing counsel for the Department of Justice
and Titan on this _____ date 2007 via court initiated electronic mail.

_/s/_____
Michael Beattie

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

---

## Motion for Leave to File 1<u>st</u> Amended Complaint

For the reasons stated in the accompanying brief and pursuant to Rule 15 of the

Federal Rules of Civil Procedure, plaintiff Nattah and the class he represents seek leave

to file a first amended complaint.


Respectfully submitted,

_____
Michael Beattie
2663 Manhattan Place Suite 106
Vienna, VA 22180
703 698 0623

Certificate of Service
A copy of the foregoing was served on opposing counsel for the Department of Justice
and Titan on this ____ date 2007 via court initiated electronic mail.

_/s/_____
Michael Beattie

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

---

### Memorandum of Points and Authorities in Support of Motion to Amend Pleading

### I. Clarification of Prior Court Order

Plaintiff filed a constitutional law Bivens tort claim against six unknown military intelligence soldiers who drafted Nattah into the United States military, but the government's motion to dismiss did not mention the claim against these individual government employees.   The soldiers who kidnapped plaintiff did not provide Nattah with their first and last names.   The kidnapping took place at night when the United States began its 2003 invasion of Iraq.   Nighttime and the fog of war prevent Nattah from precisely identifying them by name.   The government's motion to dismiss did NOT seek dismissal of these defendants nor did the government's brief mention these defendants.   Plaintiff seeks clarification about whether these individuals are covered by the dismissal order.   Since the government did not brief or even mention the claims against these individual military personnel, plaintiff contends the dismissal order does not apply to them.   Plaintiff will seek their names through the discovery process.   Should

the court find the dismissal order did include the six unnamed military personnel, plaintiff

moves to set aside the judgment based upon the theory that the order is the product of a

clerical mistake or that the order is the product of surprise, because plaintiff could not

have realized that the court might dismiss parties who had not asked to be dismissed.

## II. Rule 15 Motion to Amend

Court has long recognized that the plaintiff has the right to amend the complaint. Rule 15
(a) of the Federal Rules of Civil Procedure States:

> A party may amend the party's pleading once as a matter of course at any
> time before a responsive pleading is served or, if the pleading is one to
> which no responsive pleading is permitted and the action has not been
> placed upon the trial calendar, the party may so amend it at any time
> within 20 days after it is served. Otherwise a party may amend the party's
> pleading only by leave of court or by written consent of the adverse party;
> and leave shall be freely given when justice so requires. A party shall
> plead in response to an amended pleading within the time remaining for
> response to the original pleading or within 10 days after service of the
> amended pleading, whichever period may be the longer, unless the court
> otherwise orders.

The language of the rule stipulates the ways a complaint may be amended.

Since Titan's motion to dismiss has not been granted plaintiff moves to amend

the complaint, as it relates to Titan as of right.  Since the motion to dismiss

filed on behalf of government defendants has been granted, plaintiff asks for

leave of court to file an amended complaint as it relates to the government

defendants.

## A. Amendment to Pleadings As of Right

Plaintiff argues that there is no need to get leave of court to file an amended

complaint as it relates to Titan and the six unknown military personnel.   Titan filed a

motion to dismiss, and in line with Bowden v. United States this motion is not a

responsive pleading and therefore does not nullify plaintiff's right to amend. 176 F.3d 552 (D.C. Cir. 1999). Six unknown military personnel named in the Bivens Tort aspect of the claim have also not filed any response. Therefore, the plaintiff's complaint should be amended as of right as it relates to those parties.

**B. Amendment to Pleadings After Dismissal is Proper**

The courts have consistently held plaintiffs may amend their complaint even after its dismissal. A motion to dismiss under Rule 12 (b) (6) dealing with the issue of jurisdiction is not a "responsive pleading". Therefore, plaintiff may not even need leave of court, but plaintiff will now brief the issue assuming leave of court is required.

A post-judgment motion to amend is subject to the same legal standards as a motion to amend prior to judgment. See Pine Mountain Oil and Gas, Inc v. Equitable Production Co., 446 F. Supp.2d 643 (W.D. VA 2006). There is a presumption in favor of granting leave to amend, and non-moving party can only overcome this presumption by proving granting the motion to amend would be unjust. See Authur v. Maresk, 434 F.3d 196 (3rd Cir. 2006); and Butler v. Robar Enterprises Inc., 208 F.R.D. 621, 623 (C.D. CA 2002). Court should view a motion to amend with "extreme liberality". See DCD Programs v. Leighton, 833 F. 2d 183, 185 (9th Cir. 1987).

Where a case has been dismissed for lack of jurisdiction, the Federal Rule 15 should be freely given to permit plaintiff to prove their case on the merits. Forman v. Davis, 371 U.S. 178 (1962). Grounds for denying a motion to amend include (1) futility, (2) filing of motion in bad faith, (3) delay combined with prejudiced to the defendant. Id. Delay in filing a motion to amend is an insufficient reason standing alone to deny a motion to dismiss. Instead, the delay in filing a motion to amend after judgment must be

such that the delay prejudiced the defendant's ability to defend the claim due to missing witnesses and evidence.  See Pine Mountain, 446 F. Supp.2d 643.  An eleven-month delay between commencement of an action and filing of a motion to amend does not constitute undue delay.  See Arthur, 434 F.3d at 197.  Prejudice can only be established where the defendant is surprised by new allegations and the delay was such that the defendant could not gather sufficient evidence to adequately defend the claim.  ABM Industries v. Zurich American Financial Company, 237 F.R.D. 225 (N.D. CA 2006). Even the filing of a motion to amend after defendant has moved for summary judgment is not too late when the plaintiff informed the defendant verbally about the facts underlying the amendment during mediation.  Id. at 226.

## C. Plaintiff Should be Permitted to Amend Claims Against Government

The court dismissed the claims against the federal government, but left claims against Titan.  The original and amended complaints allege Titan contracted with the federal government to sell plaintiff in slavery.  Titan told the government, that the Army could take plaintiff against his will into Iraq and in consideration for payment to Titan, the Army would not have to compensate plaintiff for the true value of his services. Plaintiff spent two months working on behalf of the Army in Kuwait.  At the time of his arrival, plaintiff informed the Army that his contract with Titan only provided for him to work in Iraq.  Although the Army knew of the deal with Titan, the Army did not tell plaintiff of the deal until the commencement of hostilities.  The purpose and effect of the Army's failure to disclose the slave sale was to trick plaintiff into staying in Kuwait until the commencement of hostilities at which time it would be impossible for plaintiff to leave the war zone.

Titan will almost certainly blame the plaintiff's kidnapping on the Army.   Titan's motion to dismiss already says that a company cannot be liable for international treaty and customary international law claims such as the Geneva and Hague Conventions. Instead, defendant argues these treaties only apply to actions by a government.   If the court does not grant the motion to amend, the Army will not be a defendant.

Subsequently, the court may rule Titan is not liable, and the Army was solely responsible for the harm suffered by the plaintiff.   Nattah's career as a translator is now over, because exposure to shelling rendered him deaf.   In fact, plaintiff suffers from debilitating post-traumatic stress disorder and is totally unable to perform substantial gainful employment.   Therefore, if the motion to dismiss is denied and the court later finds the government instead of Titan responsible, plaintiff will have become disabled for life fighting for his country without compensation and without any legal remedy.   Only three months ago Judge Lamberth addressed this precise issue in Djourabchi v. Self, 240 F.R.D. 5 (D.D.C. 2006).   Djourabchi sought to amend to include another defendant to ensure that at least one defendant would be liable.   In analyzing the motion to amend, Judge Lamberth wrote, "A party is necessary party to an action if in the person's absence complete relief cannot be accord among those who are already parties."

The claims against the government in the amended complaint overlap those in the original complaint; however, there are some claims in the original complaint which are not in the amended complaint and likewise there are some claims in the amended complaint which are not in the original complaint.   The original complaint asserted issues involving customary international law, the U.N. charter, the Geneva Convention, and the Hague Convention.   The dismissal assumed none of these international law

issues had an enforcement mechanism giving the court subject matter jurisdiction.   The amended complaint adds claims involving the Alien Tort Claims Act, the War Crimes, Back Pay Act, Tucker Act, and the Administrative Procedure Act.   The due process claim involved defendant's decision to draft him into the United States Army.   However, the government argued no statute waived sovereign immunity involving this due process claim.   The amended complaint asserts the federal statute governing the draft does not permit the government to draft an individual without first giving the draftee the opportunity to contest the decision before the local draft board.   Plaintiff argues now that this statute permits judicial review of the draft decision.   Further, the defendant's motion arguing sovereign immunity as a justification for dismissal failed to inform the court that the Tucker Act gives federal district courts concurrent jurisdiction over claims of $10,000 or less and the Administrative Procedure Act also waives sovereign immunity for claims seeking injunctive and declaratory relief.   Although defendant seems to say that the Court of Claims would have jurisdiction rather than the district court, plaintiff asserts the district court has jurisdiction, while the court of claims lacks jurisdiction.   This complaint is primarily geared at getting injunctive and declaratory relief yet the Court of Claims lacks jurisdiction to give the relief most sought.

A recent precedent held Court of Federal Claims lacked jurisdiction over claims of former Army officers and that his rights to due process and equal protection were violated in connection with his discharge and Army's denial of disability retirement, as remedy for violations of the Due Process Clause of the Fifth Amendment, apart from Just Compensation claims, and the Equal Protection Clause, is not the payment of money but equitable relief that can only be afforded by an Article III court. Bernard v. U.S., 59

Fed.Cl. 497 (Fed.Cl., 2004); affirmed, 98 Fed.Appx. 860 (C.A. Fed. 2004), rehearing denied.

Similarly, the court held a suit to recover a fine exacted from a civilian government employee by a court-martial, which lacked jurisdiction because the law under which it purported to try the employee was unconstitutional, is a claim to recover property of which the plaintiff was deprived without due process of law in violation of the due process clause of U.S.C.A. Const. Amend. V, and is thus a claim within the jurisdiction of the Court of Claims [now Court of Federal Claims] as a claim founded upon the Constitution. Mallow v. U.S., 161 Ct.Cl. 446 (Ct.Cl. 1963).

The defendant also failed to point out that the Administrative Procedure Act waives sovereign immunity for claims seeking injunctive or declaratory relief.   The federal government also waived sovereign immunity through passage of the Back Pay Act.   The original and amended complaint charge the federal government paid Nattah nothing whatsoever for his services.

The court accepted defendant's argument that the customary international law, Geneva Convention, U.N. Charter, and Hague Convention Claims also lacked an enforcement mechanism and were not self-executing.   The Amended Complaint shows that the international law claims can be asserted under the Alien Tort Claims Act and the War Crimes Act, and the Torture Victims Protection Act.   Recently, a court held Alien Tort Claims Act provided a private right of action and thus district court had subject matter jurisdiction to hear aliens' claims arising from allegations of official torture. Abebe-Jira v. Negewo, 72 F.3d 844 (11th Cir. 1996); cert. denied, 117 S.Ct.96 (No. 95-8873, 1996).

**III. Rule 60 Motion to Vacate the Judgment**

Plaintiff contends he needs not file a Rule 60 motion to have the prior judgment overturned, because if the motion to amend is granted, this decision automatically nullifies the dismissal.   If the plaintiff is incorrect however, Rule 60 specifies:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The judgment dismissing the case should be vacated, because there is (1) newly discovered evidence and (2) "other reason justifying relief from the judgment".

Plaintiff's motion to amend is specifically tailored to address the points raised in the government's motion to dismiss.   The motion to dismiss contended sovereign immunity precluded all constitutional law and international law claims and that the raised tort claims were exempt from the Federal Tort Claims Act. Furthermore, the government said the lawsuit did not include a Bivens tort claim. The government did not seek dismissal of a Biven Tort claim, but rather said the lawsuit was not alleging such a Bivens claim.

The court did not dismiss the case on the merits for failing to plead an essential element of a claim.   Instead, the court dismissed based upon immunity. Several federal statutes, such as the Tucker Act and the Administrative Procedure Act, waive sovereign immunity for purposes of the claims alleged.

**A. Judgment Is Void**

The judgment dismissing plaintiff's claim constitutes a violation of the War Crimes Act.  18 U.S.C. 2441 c (2) states, "War crimes means any conduct…

**(2)** prohibited by Article 23, 25, 27, or 28 of the Annex to the Hague Convention IV, Respecting the Laws and Customs of War on Land, signed 18 October 1907;

The attached 1st Amended Complaint alleges the doctrine of sovereign immunity itself violates the Hague Convention within the limited context covered by the Convention.   Nattah is a citizen of Libya which is one of the four nations who at the start of the Iraq war were hostile to the United States.   Under the Hague Convention, the United States cannot bar citizens of hostile nations from suing the government.   The Federal Tort Claims Act is specifically geared to bar all claims based upon events occurring abroad, and Department of Defense regulations dealing with claims by foreign nations specifically limit claims brought by Iraqi citizens.

## B. Dismissal of all Government Defendants Should be Clarified or Vacated

Even if the court does not permit amendment of the case, the court should still clarify previous ruling and vacate a portion of the ruling.   Most of the government defendants filed a motion to dismiss, and the Court granted the motion.   The complaint also sues six unnamed military personnel who abducted plaintiff in Kuwait.   The government did not move to dismiss these men.   Although the dismissal order covers all "government defendants" plaintiff interprets the decision to government civilian and government military employee, because government employee can be differentiated from a military employee.   Assuming the decision does cover the military defendants, plaintiff argues the decision was a "surprise" within the meaning of Rule 60, because the

government's brief did not seek their dismissal or explains why the claim should be dismissed.   Plaintiff asks the court to clarify the prior order or vacate the prior order with respect to the military personnel pursuant to Rule 60.   Plaintiff also attributes the decision to dismiss all government defendants as a "clerical error", because the clerk writing the decision forgot the claims against the six unknown military personnel.

Defendant asserted that plaintiff had NOT alleged a Bivens Tort Claim but rather a Federal Tort Claims Act claim.   In fact, the lawsuit did not include a Federal Tort Claims Act claim, but it did include a Bivens Tort claim.   FTCA claims normally involve routine slip and fall and other negligence cases.   Whereas Bivens torts involves a deprivation of constitutional or other civil rights.   Nattah's complaint alleges claims under the Fifth Amendment and Thirteenth Amendment (Slavery).   Therefore, although defendant was not asking to dismiss a Bivens tort claim, dismissal of the case extinguished the claim.    In considering whether to allow an amendment to the complaint, plaintiff strenuously points out that the dismissal was not on the merits but rather solely on the issue of jurisdiction.   The court clearly would have jurisdiction of defendants in their individual capacity, because sovereign immunity does not apply to individual liability.

The defendant's motion for summary judgment further argued that Bush and Cheney were not liable for the actions the Army Intelligence, because the respondeat superior was the only method of holding Bush and Cheney liable, and the plaintiff led no facts showing they had any involvement in asking the Army to specifically detain plaintiff.  However, the tort is NOT based on the doctrine of respondeat superior.   The Bivens tort filed in this case does not demand Bush answer for the actions of low-level

soldiers.   Instead, the complaint demands he compensate the Plaintiff.   The complaint accurately states that Bush and Cheney in conjunction with the Alberto Gonzales formulated an official policy of arbitrarily detaining people on the battlefield, refusing to permit them to speak to their family or attorney, refusing to allow them access to courts, failing to give them notice of a proposed detention and a statement of the charges against them, creating a policy of detaining people without any mechanism for an administrative hearing or an opportunity to heard.   The President, Vice-President, and White House Counsel all worked together to identify the most creative possible legal loopholes to escape compliance with the Geneva Convention and define torture as narrowly as possible.   The complaint says the President and Vice-President formed and approved the detention policy, and they helped carry it out by ensuring defendant Rumsfeld abstained from listing detained persons such as Nattah with the Red Cross.   The complaint says that the purpose and effect of Bush's own actions was to prevent the Red Cross from seeing the mistreatment of detainees such as Nattah.   In summary, plaintiff is not proceeding on a respondeat superior theory but rather asking for individual defendants to answer for their own actions, because the policy they created directly caused plaintiff's injury.

## C. New Evidence Justifies Rule 60 Relief

Subsequent to dismissal of Nattah's claims against the government, Mark Shallall contacted counsel for plaintiff for the first time and retained his services.   Plaintiff had no way of knowing Shallall and had never met or heard of Shallall.  Nattah claimed the government violated his right to due process and rights under the Hague Convention of 1907, the Alien Tort Claims Act, customary international law, the War Crimes Act, and

the Geneva Convention by detaining him and forcing him to work as a translator in Iraq

on behalf of U.S. Army Intelligence.   Shallall also worked as a translator for Titan.   Like

Nattah, Shallall's contract with Titan specified that Shallall would only work in Kuwait

and would never be dispatched or asked to enter Iraq.   Like Nattah, Army Intelligence

and Titan jointly attempted to coerce Shallall into serving with Army Intelligence in the

Iraqi city of Basara.   From reading the original complaint, one would assume Nattah's

case was in isolated incident.   However, Shallall's claim demonstrates Nattah's case was

not an isolated event.   Shallall's claim therefore adds credibility to Nattah's claim.   Had

Shallall's complaint been part of the original complaint, the court would have been less

likely to grant the motion to dismiss.

**D. Other Reasons Justifying Relief from the Judgment**

  Plaintiff's first amended complaint constitutes "other reasons justifying relief

from the judgment" as those words are defined under Rule 60.   The decision on whether

to vacate the judgment hinges on whether the court will grant leave to file a first amended

complaint.   The court should first rule on the motion to file a first amended complaint.

If this motion is granted, the court should then set aside the judgment as moot.

If the motion to amend in respect to the dismissed government defendants is not granted

then, in the interests of Justice, the court should consider that actual and substantial injury

was caused to the plaintiff resulting in a life long disability and a permanent loss of

ability to be gainfully employed . The original complaint was dismissed against the

government defendants based on lack of jurisdiction, however, in light of the applicable

Acts that waive sovereign immunity discussed supra, the action should not be dismissed,

and instead decided on the merits.

**IV. Amendments Respecting New Defendants**

Regardless of whether the court vacates the judgment the court should still allow some amendments to permit adding new defendants.   If the court grants the accompanying motion to join additional parties but does not vacate the prior judgment then the motion to amend should be granted in part and denied in part with plaintiff given a chance to file a new complaint deleting issues covered by the prior dismissal.


Respectfully submitted,

_/s/_____
Michael Beattie
2663 Manhattan Place Suite 106
Vienna, VA 22180
703 698 0623

Certificate of Service
A copy of the foregoing was served on opposing counsel for the Department of Justice and Titan on this ____ date 2007 via court initiated electronic mail.

_/s/_____
Michael Beattie

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
|     Defendant | ) | |

_____

## <u>ORDER</u>

       Upon consideration of the Plaintiff's Motion to Amend, and of the entire record, and it appearing to the Court that granting of the Motion to Amend would be just and proper, it is by the Court on this day _____ of _____ 2007,

       ORDERED that Plaintiff's motion to amend as of right, be and is granted, and it is further

       ORDERED that Plaintiff's motion for leave to amend, be and is granted, as it pertains to the dismissed Federal Defendants.

                        _____
                        United States District Judge

Copies to:

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530

Matthew H. Sorensen
John F. Scalia
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102

Michael Beattie, Esq.
2663 Manhattan Place Suite 106
Vienna, VA 22180

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

_____

**<u>ORDER</u>**

Upon consideration of the Plaintiff's Motion to Amend, and of the entire record, and it appearing to the Court that granting of the Motion to Amend would be just and proper, it is by the Court on this day _____ of _____ 2007,

ORDERED that Plaintiff's motion to amend as of right, be and is granted, and it is further

ORDERED that Plaintiff's motion to vacate judgment, be and is granted, as it pertains to the dismissed Federal Defendants.

_____
United States District Judge

Copies to:

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530

Matthew H. Sorensen
John F. Scalia
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102

Michael Beattie, Esq.
2663 Manhattan Place Suite 106
Vienna, VA 22180

### Brief Supporting Motion for Leave to File First Amended Complaint and Reconsider and Vacate the Dismissal

Plaintiff moves for leave to file a 1st Amended Complaint.   The court dismissed the United States governmental defendants.   Granting leave to file the First Amended Complaint would vacate the dismissal and re-instate the case against the government defendants.   The amended complaint also joins additional defendants.  Titan has not yet filed a responsive pleading and has instead filed a motion to dismiss.

Rule 15 (a) of the Federal Rules of Civil Procedure States:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Respectfully submitted,

_/s/_____
Michael Beattie
2663 Manhattan Place Suite 106
Vienna, VA 22180
 703 698 0623

Certificate of Service
A copy of the foregoing was served on opposing counsel for the Department of Justice and Titan on this _____ date 2007 via court initiated electronic mail.

_/s/_____
Michael Beattie

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

_____

### Motion for Leave to Join Additional Defendants

Plaintiff Abdulwahab Nattah asks that the court join additional defendants.

**Joinder of Additional Defendants**

Rule 20 states:

> All persons (and any vessel, cargo or other property subject to
> admiralty process in rem) may be joined in one action as defendants if
> there is asserted against them jointly, severally, or in the alternative,
> any right to relief in respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences and if any question
> of law or fact common to all defendants will arise in the action.

Plaintiffs seek to add the following individuals and entities to the original lawsuit:
ROBERT GATES,
    in his official capacity as United States
    Secretary of Defense
FRANCIS HARVEY,
    In his official capacity as United States
    Secretary of the Army
L-3 Communications Titan Group
Curveball
Dr. Ahmed Chalabi

Iraqi National Congress Assembly Fund
Iraqi National Congress Support Foundation
Iraqi National Congress Defense Foundation, LLC
Iraqi National Congress Action Foundation

Plaintiff asks to join Gates and delete Rumsfeld to reflect the change in Secretary of Defense.   Plaintiff adds Francis Harvey.   Without knowing the exact change of command of units in Kuwait, it is not possible at this early stage to determine whether the individuals who shanghaied plaintiff were employed by an agency of the Department of Defense or whether they worked for the Department of the Army.   The factual allegations remain unchanged, but plaintiff adds the Army as a precaution. Plaintiff adds L-3 Communications Titan Group, because the previous name on the previous complaint may have incorrectly failed to list the exact right corporate name.

The original lawsuit stemmed from Nattah's suffering disabling injuries during the 2003 Iraq war.   Had the Iraq war never started Nattah would have continued to work in Kuwait, and he never would have become disabled.   Since the war caused his injuries, the original lawsuit goes to great length to explain the events leading up the Iraq war. However, at the time of drafting the original complaint, Nattah could not identify the cause for commencement of hostilities.   The original complaint specifies politicalization and manipulation of pre-war intelligence caused the war.   The original complaint points out the U.S. military tasked Nattah with translating documents supposedly related to weapons of mass destruction, but Nattah found no relevant documents.   At the time of the original filing, Nattah did not know why the U.S. thought documents explaining an Iraqi WMD program would be found at those sites.

**Plaintiff became disabled fighting for the United States in Iraq**

      The key issue in the lawsuit is who should be held liable for his injuries. Had the war against Iraq never occurred, plaintiff would never have become disabled. There are two possible reasons for the war. According to the Republican Senate intelligence co-chair 98% of the evidence of chemical and biological weapons came from the INC, and the INC knew the information supplied to the Department of Defense and CIA was false. Either the INC duped the Bush administration or the Bush administration deliberated exaggerated the intelligence in order to launch the war. Launching a war without a valid justification of self-defense violates international law whereas providing false information to receive payments by the government violates the False Claims Act. Listing Bush, Titan, and INC ensures one of them will be responsible and prevents the possibility of a court decision finding someone who is not a party responsible for plaintiff's injuries.

      The amended complaint joins individuals and organizations responsible for starting the Iraq war and charges them with violating the False Claims Act. Since the filing of the original complaint, various commissions and journalists investigated pre-war intelligence and concluded that the supposed existence of mobile labs capable of making chemical and biological weapons was a key factor in convincing the United Nations to authorize military action, because mobile labs could be hidden from inspectors. Therefore, giving the inspectors more time to look for WMD would be futile. The United Nations learned about the mobile labs from testimony presented by Collin Powell before the Security Council. Since the filing of the original complaint, plaintiff learned that the Central Intelligence Agency deleted references to the mobile labs from the

speech, because the allegations were unreliable and not credible.   Since filing the

original complaint, the public learned the mobile lab allegation came solely from an Iraqi

taxi cab driver named Curveball.   No other sources corroborated claims made by

Curveball.   We subsequently found Curveball had completely fabricated the story about

mobile labs to help convince the U.S. government to invade Iraq.   Unbeknownst to the

CIA, Curveball worked on behalf of the Iraqi National Congress and Ahmed Chalabi.

Chalabi and the INC also concocted the story that Iraq was attempting to purchase

Yellow Cake (a key element for building a nuclear weapon) from Niger, and the Yellow

Cake allegation was critical to the justification to going to war, because it seemed to

prove Sadam Hussein was attempting to build nuclear weapons.   The seriousness and

immanency of this threat appeared to mean there was insufficient time to wait for United

Nations inspectors to complete their work.   Chalabi and the INC hired former Central

Intelligence Agency Agents to forge documents showing Iraq was attempting to purchase

Yellow Cake from Niger.    Chalabi and the INC paid the former Central Intelligence

Agency operative to pass the documents to the Italian government, and the Italians

conveyed the documents directly to the White House.

The INC was wholly funded by the United States government including a $20

million dollar contract from the Defense Intelligence Agency.   The DIA paid the INC to

provide intelligence on suspected sites of weapons of mass destruction.   The INC

misappropriated a portion of DIA funds to pay for the forgery of the Yellow Cake

documents.

The INC claimed to have sympathizers within Iraq government with access to

classified information about the location of documents related to Iraq's weapons of mass

destruction program.  Actually, INC had almost no support within Iraq and had no one within Iraq capable of gathering any useful intelligence.  The INC primarily used DIA funds to create a list of sites containing WMD documents, facilities, and chemical, biological, and nuclear materials.  Plaintiff Nattah personally visited sites identified by the INC and found none of them contained any information about WMD.  Therefore, Nattah personally knows the INC data was false.  The INC fabricated the entire list and knowingly defrauded the DIA of $20,000,000.  Therefore, plaintiff seeks to join Curveball, Chalabi, and the INC as defendants in a False Claims Act case.

Rule 20 permits the joinder of the INC, Chalabi, and Curveball, because the original claims against Bush, Cheney, and Rumsfeld involve the "same transaction" or "series of transactions" namely the Iraq war.  The original complaint charges Bush and Cheney violated international law by launching a war of aggression.  International law precludes initiating military action without an imminent threat.  The original complaint states that Bush and Cheney manipulated intelligence reports to exaggerate Iraq's military capabilities and knew Iraq was not an imminent threat.  The original complaint deals with the misuse of intelligence data, while the amended complaint's claims against the INC, Challabi, and Curveball adds a False Claims Act charge dealing with the sources of intelligence.  Plaintiff's life long permanent disability arose from the 2003 U.S. war against Iraq, and the war in turn arose from poor intelligence.    Rule 20 permits joinder of defendants where, "Any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  The claims against Cheney and Bush and those against the INC involve common questions of fact namely

the apportioning of fault for poor intelligence.   Were the claims against Bush and the INC pursued as separate actions the cases could yield contradictory results.

A False Claims Act defendant can escape liability if the government knew the contractor was not following the contract or knew the contractor was supplying false data or invoices.   Cheney kept in close contact with Chalabi and the INC, and they worked together to get Congressional authorization for the war.   It is not known though whether Cheney knew the information supplied by the INC to the Defense Intelligence Agency was false.   If Cheney knew the information was false, the INC might be immune from liability.   The international law violation charges against Cheney hinge on Cheney's effort to hype intelligence reports to get approval for a war of aggression against Iraq. Launching a war of aggression constitutes a grave war crime as defined by international law and the Nuremburg principles.   If Cheney not only hyped the intelligence but also knew the intelligence being supplied was false, his liability for war crimes would be greatly strengthened and magnified.   If the Cheney case and the INC case had to be pursued separately, the Cheney case could yield a finding that Cheney is not liable; because he had no idea the intelligence reports from the INC were false.   Meanwhile, in another courtroom of the same courthouse, a judge could rule the INC is immune, because it knew of and approved of the dissemination of false intelligence by the INC to the DIA.   Consolidating the two cases would prevent this paradoxical result.

**Conclusion**

For the reasons stated above, the court should grant the motions to (1) for leave to amend the original complaint and file a 1st Amended Complaint, (2) vacate the dismissal of the original complaint, and (3) grant the motion to join additional defendants.

Respectfully submitted,

_/s/_____
Michael Beattie
2663 Manhattan Place Suite 106
Vienna, VA 22180
703 698 0623


Certificate of Service
A copy of the foregoing was served on opposing counsel for the Department of Justice
and Titan on this _____ date 2007 via court initiated electronic mail.


_/s/_____
Michael Beattie

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

_____

## <u>ORDER</u>

Upon consideration of the Plaintiff's Motion to Join Additional Defendants, and of the entire record, and it appearing to the Court that granting of the Motion to Join Additional Defendants, would be just and proper, it is by the Court on this day

_____ of _____ 2007,

ORDERED that Plaintiff's motion to join additional defendants, be and is granted.


_____
United States District Judge

Copies to:

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530

Matthew H. Sorensen
John F. Scalia
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102

Michael Beattie, Esq.
2663 Manhattan Place Suite 106
Vienna, VA 22180

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendant | ) | |

_____

**ORDER**

Upon consideration of the Plaintiff's Motion to Join Additional Defendants, and

of the entire record, and it appearing to the Court that granting of the Motion to Join

Additional Defendants, would be just and proper, it is by the Court on this day

_____ of _____ 2007,

ORDERED that Plaintiff's motion to join additional defendants, be and is

granted.

_____
United States District Judge

Copies to:

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530

Matthew H. Sorensen
John F. Scalia
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102

Michael Beattie, Esq.
2663 Manhattan Place Suite 106
Vienna, VA 22180