**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-00700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
|     Defendant | ) | |

**Opposition to Federal Defendants' Motion for Enlargement of Time and Request for Status Conference.**

Plaintiff hereby moves to oppose defendant's motion for an 11th continuance.

**1. Parties**

A cursory review of the parties reveals the defendants have no need whatsoever to receive a continuance. Plaintiff is represented by one pro bono attorney. The Defendants include George Bush, Dick, Cheney, and Robert Gates in his official capacity as Secretary of the United States Department of Defense. Defendants who have many thousands of attorneys on staff are represented by the Department of Justice which perhaps has 10,000 attorneys as well as thousands more support staff. Frequently though, counsel for federal agencies will take an active role in drafting and researching motions and briefs. Thus, even if the Department of Justice lacked the resources to submit a timely brief in-house counsel for defendants could draft a brief and submit to the U.S. attorney for review, approval, and filing.

**2. Factual Basis for Continuance is Patently False**

There can be no doubt that defendants do not need a continuance. The defendants are NOT being represented by a single attorney; they instead being represented by the Department of Justice. An attorney does not represent their own interests but rather the interests of the client. In this case, the defendants say they want a continuance; however, they fail to explain why they could not be represented equally well by any of their other countless attorneys. If the Department of Justice is truly saying it has no one on hand to respond to this complaint, any such assertion is totally ludicrous and warrants sanctions.

**3. Government Defendants Are Precluded from Filing Any Brief**

Under Rule 15 of the Federal Rules of Civil Procedure, plaintiff has an absolute right to amend a pleading by leave of court and "leave shall be freely given when justice so requires."

A post-judgment motion to amend is subject to the same legal standards as a motion to amend prior to judgment. See Pine Mountain v. Equitable Product Company, 446 F.2d 643 (W.D. VA 2006). There is a presumption in favor of granting leave to amend, and non-moving party can only overcome this presumption by proving granting the motion to amend would be unjust. See Authur v. Maresk, 434 F.3d 196 (3rd Cir. 2006); see also Butler v. Rohar, 208 F.R.D. 621, 623 (C.D. CA 2002). Court should view a motion to amend with "extreme liberality". DCD Programs v. Leighton, 833 F. 2d 183, 185 (9th Cir. 1987).

The government defendants therefore have no right to respond to a motion to amend, as the decision to grant leave to amend when justice so requires is wholly within the discretion of the Court, and in this case as asserted the urgent need for justice is clearly evident. It is not clear whether defendants seek to respond to the motion to amend or file an answer or motion to dismiss the amended complaint. A brief responding to the motion to amend should not even be considered by the court. The rest of the brief will proceed though on the assumption defendants seek to file a response to the amended complaint.

**4. Additional Time for Brief is Unnecessary**

Plaintiff has filed a first amended complaint. The underlying facts in both the original case and the amended case are identical. The original complaint though was grouped into various counts each of which consisted of a single cause of action. The original complaint underwent lengthy legal research yet the complaint was not drafted as a brief with citations to specific cases. Instead, the original complaint was geared to place the defendants on notice of the claims as required by the federal rules. Defendant interposed a variety of defenses. The original lawsuit correctly did not plead responses to affirmative defenses. The amended complaint in contrast is geared specifically to address and eliminate defenses raised by the defendants. No doubt defendants may challenge whether the first amended complaint has cured the defects of the original complaint or created new problems. The critical point for purposes of resolving the motion for a continuance is that defendants do not need to write an entirely new response to the first amended complaint. Since the facts have not changed, defendants now

merely need to adapt their prior argument to specific statutes and legal theories raised in the amended complaint. The causes of action have not even changed though. Instead, the new complaint sites specific statutes, cases, and clauses of the constitution to support the original complaint. During the drafting of the amended complaint, plaintiff deleted many of the causes of action found in the original complaint. Since the facts of the case have now been known to the U.S. Attorney for two years, responding to the first amended complaint should take less time than responding to a brand new lawsuit. Therefore, there is little reason for a delay, because the facts have been well known for some time and the case has already been briefed once.

**5. Specific Facts of Request for Extension**

One of the counsel of record for defendants provides a valid reason why her supervisor should not re-assign this case to another attorney and no more. On January 22, 2008, lead counsel for federal defendants contacted plaintiff's counsel via e-mail requesting another extension of time, because Ms. Braswell "has to be with her out-of-town sibling the last week of January." E-mail from Marina Utgoff Braswell, Assistant United States Attorney, to Michael Beattie (Jan. 22, 2008, 20:25:49) (on file with author). Alternatively, she proposed to submit a motion for enlargement of time pursuant to Rule 6 (b) of Federal Rules of Civil Procedure.

Plaintiff's counsel wishes to express sincere sympathy for the loss of Ms. Braswell's mother, however for the following reasons feels it necessary to oppose the extension. The cause shown is insufficient to warrant an enlargement, because unlike the previous motion for enlargement there is no factor that is out of the control of Ms.

Braswell.  In light of the fact that Ms. Braswell has requested and was granted an enlargement of time a total of 11 (eleven) times since the commencement of this action, a question of whether this motion was not filed in good faith arises.   Further two motions for enlargement have already been filed by Ms. Braswell in the past thirty days, and a third extension for non-emergency circumstance is unjust.

**6.  Balance of Hardship Weighs Heavily in Plaintiffs Favor**

The court may wish to weigh the harm to the defendant would suffer without a delay against the harm to the plaintiff if the case is delayed.   The plaintiff Nattah is disabled, unemployed and impoverished, and further delays will cause him irreparable harm. Nattah was born in Libya and the United States government purchased him as an African slave from Titan, and after he became disabled fighting for his country in Iraq, the government tossed him aside like a tissue and refused to provide him disability benefits or even pay for his on-going medical expenses. Even after the United States government learned about Nattah's allegations that Army intelligence tortured Iraqi prisoners of war, the U.S. attorney has taken no steps to investigate the charges. Given the callous indifference to criminal conduct and horrendous treatment of Nattah, it would be immoral to delay his case even for one moment, the facts clearly cry out for swift justice.

**7.   Further Continuance Raises the Specter of Bad Faith and Loss of Evidence**

When defendants represented by legions of attorneys request an eleventh extension prior to any discovery, the court needs to question whether defendants decided to assign

an attorney to a case who they know will not be able to devote sufficient time to their defense. After for example seeking an eighth continuance, why did the defendants or the Department of Justice not intervene and hand the case over to another attorney. Certainly, if I had an attorney who sought eight continuances, I would discharge them and find a counsel able to devote time to the case. One can only assume that defendants desire to delay the case as long as possible. The mere fact that defendants have acquiesced to 11 continuances speaks volumes.

8. **Eleven Continuances is Only the Beginning**

This case is now at the stage for filing an answer or motion to dismiss. If a motion to dismiss is denied and the case eventually goes to trial, at the present rate of speed any trial could be decades away. An additional 40 to 50 continuances are entirely possible at the current pace. The Department of Justice has not given the slightest indication that from here on out the agency will at least try to move a bit faster. At some point, the court needs to draw the line.

9. **Conclusion:**
**For the reasons stated above, the court should order take the following six steps:**
**(a) Defendants be given no further continuances throughout the remainder of this case,**
**(b) Deny Motion for Continuance,**
**(c) Disqualify Counsel for Defendant,**
**(d) Consider sanctions for falsely claiming defendants actually needed a continuance,**

**(e) Schedule a Status Conference to Discuss Methods to Expedite this Case.**

**(f) Preclude Defendant from Filing a Motion to Dismiss as a sanction for Excessive Delays**

After the court denies the motion for a continuance, the clerk should grant a default. At that time, defendants may move to set aside the judgment by explaining to the court why specifically another attorney could not be assigned to the case and why defendants saw the need to seek 11 continuances.

Alternatively, if the court is inclined to grant the continuance, the decision granting the continuance should clearly state that the government will not be given any further continuances for the duration of the case.

Respectfully submitted,

___/s/_____
Michael J. Beattie
2663 Manhattan Place Suite 106
Vienna, VA 22180
(703) 698-0623
January 24, 2008

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **United States of America** ) | |
| *Ex rel.* **Charles Klausen** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. <u>**1:06-CV-1049**</u> |
| ) | |
| **Bearing Point** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

<u>**ORDER**</u>

Upon consideration of Plaintiff's Opposition to Federal Defendants' Motion for Enlargement of Time and Request for Status Conference, and of the entire record, and it appearing to the Court that the granting of plaintiff's motion would be just and proper, it is by the Court this _____ day of _____, 2008,

ORDERED that Plaintiff's Opposition to Federal Defendants' Motion for Enlargement of Time and Request for Status Conference be, and it is, granted.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.,
Washington, D.C. 20530

Michael Beattie, Esq.
9502B Lee Highway
Fairfax, VA 22031

CERTIFICATE OF SERVICE

      A copy of the foregoing Entry of Appearance was served on opposing counsel on Jan 21, 2008, by first class mail, postage prepaid to:

\_\_\_/s/_____
Michael Beattie