UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULWAHAB NATTAH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0700 RCL |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FEDERAL DEFENDANTS' AND PUTATIVE DEFENDANT SECRETARY OF THE
ARMY'S OPPOSITIONS TO PLAINTIFFS' MOTIONS TO FILE AMENDED
COMPLAINT, TO JOIN ADDITIONAL DEFENDANTS AND TO RECONSIDER OR
VACATE JUDGMENT

Plaintiff Nattah's[1] original complaint in this case,
purportedly brought claims on behalf of a class of similarly
situated employees of defendant Titan Group, which plaintiff
alleges sold him and them "into slavery" to the Department of
Defense. According to plaintiff, the actions of the named
federal defendants violated plaintiff's constitutional rights, as
well as various other laws and legal principles all resulting in
physical and mental injuries to plaintiff. As relief, plaintiff
requested injunctive and declaratory relief, and compensatory and
punitive damages.

The named federal defendants moved to dismiss plaintiff's
claims against them, and that unopposed motion was granted by
this Court. Following an appeal of that decision that plaintiff
declined to pursue, plaintiff now has belatedly moved to vacate
this Court's Order dismissing his claims against the named

---

[1] Although the case caption lists "plaintiffs", they are
one and the same person and thus will be referred to herein as
"plaintiff."

federal defendants and further moved for leave to file an amended
complaint adding as an additional federal defendant Francis
Harvey, Secretary of the United States Department of the Army.[2]

Plaintiff's motion ignores the Court's dismissal, comes too
late in this litigation, and will unduly prejudice federal
defendants.  Plaintiff has already had an ample opportunity to
advance his claims against all federal defendants and should not
be allowed now, almost a year after this Court's dismissal of
those claims, to start the process all over again.  Accordingly,
his motions should be denied.

                    Factual History and Procedural History

According to the Complaint, in January 2003 plaintiff Nattah
began working as an employee of the Titan Group, also a defendant
in this case, as an Arabic Linguist assigned to work in Kuwait.
Complaint, Docket No. 1, ¶ 39.  Plaintiff's suit alleged that
after the war in Iraq began, defendant Titan "sold [plaintiff] []
as a slave to the military," who made plaintiff "one of the first
prisoners of war," and took plaintiff into Iraq to serve as an
Arabic-English interpreter for the military, "stationed on the
front line in Iraq."  Id. at ¶¶ 43-45.  During this time
plaintiff allegedly faced numerous deprivations and dangers,
suffered physical and mental injuries, and ultimately was
terminated from employment with Titan.  Id. at ¶¶ 46-63.

---

[2]  The Honorable Pete Geren became the Secretary of the Army
on July 16, 2007.

In April 2006 plaintiff filed this action against, among
others, defendants President George W. Bush, Vice-President
Richard Cheney, and Donald Rumsfeld, former Secretary of the
United States Department of Defense, in connection with
plaintiff's work in Iraq for Titan.  Plaintiff also purported to
sue "[s]ix unknown United States Government employees [] [] in
their individual capacity."  Id. at ¶ 1.  According to plaintiff,
federal defendants violated his constitutional rights, including
his right to due process of law and right to be free from search
and seizure and to not associate with people.  He further alleged
that federal defendants violated the Geneva conventions, the
United Nations Charter, and various other legal principles, all
resulting in physical and mental injuries to him.  As relief,
plaintiff requested injunctive and declaratory relief, and
compensatory and punitive damages.

In October 2006, the named federal defendants moved to
dismiss plaintiff's claims against them, on the grounds that
those claims failed for lack of jurisdiction and failed to state
a claim.  Docket No. 22.  Plaintiff failed to oppose that motion,
so on January 30, 2007, this Court granted federal defendants'
unopposed motion.  Docket No. 32.

Plaintiff appealed.  On April 30, 2007, the named federal
defendants moved for summary affirmance.  Plaintiff's counsel was
subsequently suspended from the practice of law for a period of
time, and the appeal was stayed.  Following the expiration of
that stay, plaintiff's counsel failed to respond to federal

3

defendant's motion as ordered by the Court of Appeals, and the D.C. Circuit dismissed the appeal for lack of prosecution.[3]

On November 28, 2007, more than a year after this Court dismissed the claims against the named federal defendants, plaintiff seeks to vacate the dismissal order and file an amended complaint adding a new federal defendant -- Francis Harvey, Secretary, United States Department of the Army -- and pursue claims against six unknown federal employees. Given the futility of the claims he seeks to present, the undue delay and obvious resulting prejudice to federal defendants, plaintiff's motions to amend his complaint and to vacate the January 30, 2007 Order dismissing this case with prejudice should be denied.

The motion should also be denied on the grounds that the claims plaintiff appears to be raising would be futile, as they will not survive a motion to dismiss. Plaintiff essentially seeks to challenge the grounds for and initiation of hostilities in Iraq, and he identifies the "key issue in the lawsuit" as "who should be held liable for his injuries." See Docket Entry No. 47 at 23.[4] The expiration of the applicable statutes of limitations

---

[3] By Order dated July 11, 2007, the Court of Appeals had directed plaintiff's counsel, within thirty days of the expiration of his suspension, to also address why the appeal should not be dismissed for lack of jurisdiction. Plaintiff's counsel failed to comply with this Order.

[4] Plaintiff's motions are not paginated and are filed as a single docket entry. See Docket Entry No. 47. References herein to page numbers in plaintiff's motion are to the page on the ECF System (of 31 total).

and the absence of valid waiver of sovereign immunity, even if plaintiff is left without a remedy, is insurmountable.

ARGUMENT

Because the January 30, 2007 dismissal order related to less than all of the parties and no final judgment was entered, appellate jurisdiction was lacking.[5] This does not mean, however, that plaintiff is free to treat the Court's dismissal of federal defendants as a nullity and ask for a "Mulligan." Because he demonstrates no valid reason for giving him a second bite at the apple, and the federal defendants have a compelling interest in having this matter resolved, plaintiff's motions should be denied.

## I.  Standards for a Motion to Amend a Complaint

Fed. R. Civ. P. 15 provides in pertinent part:

> **(a) Amendments**. <u>A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served</u> or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. <u>Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.</u> . . .

<u>Id</u>. (emphasis added).  The grant or denial of a motion to amend is committed to the sound discretion of the district court. <u>See</u>

---

[5] <u>See</u> 28 U.S.C. § 1291 (appeals of final judgments). <u>See generally</u> <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949); <u>Diamond Ventures, LLC v. SBA</u>, 452 F.3d 892, 895-98 (D.C. Cir. 2006); 15A Moore's Federal Practice, § 3905 at 232 (2d ed. 1992). <u>Cf</u>. 28 U.S.C. § 1292 (appeals of interlocutory decisions).

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The Court of Appeals
for this Circuit has held that denial of leave to amend is not an
abuse of discretion in the face of sufficiently compelling
reasons, such as "undue delay, bad faith, or dilatory motive ...
repeated failure to cure deficiencies by [previous] amendments
[or] futility of amendment." <u>Firestone v. Firestone</u>, 76 F.3d
1205, 1208 (D.C. Cir. 1996).  And the Supreme Court has made
clear that the most important factor in relation to a motion to
amend is whether the nonmoving party will be prejudiced if the
movant is permitted to amend his Complaint.  <u>Zenith Radio Corp.
v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971).  Courts have
deemed motions to amend prejudicial where "the amendment . . . is
proposed late enough so that the opponent would be required to
engage in significant new preparation."  6 Charles A. Wright &
Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1487 (2000).
Thus, "when the motion to amend is filed late in the litigation,
justice requires the Court to determine whether there is
prejudice to the defendants." <u>Hollinger-Haye v. Harrison
Western/Franki-Denys</u>, 130 F.R.D. 1, 1 (D.D.C. 1990).

     For example, courts have found prejudice when the proposed
amendment would unreasonably prolong discovery.  <u>E.g.</u>, <u>McIntosh
v. District of Columbia</u>, 1997 WL 785624, at *4 (D.D.C. Dec. 9,
1997); <u>Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.</u>, 118
F.R.D. 2, 4 (D.D.C. 1987); <u>Indep. Petrochemical Corp. v. Aetna
Cas. & Sur. Co.</u>, 1987 WL 9232, at *2 (D.D.C. Mar. 25, 1987);
<u>Hollinger-Haye v. Harrison Western/Franki-Denys</u>, 130 F.R.D. at 1-

2; Anderson v. USAir, Inc., 619 F. Supp. 1191 (D.D.C. 1985), aff'd, 818 F.2d 49 (D.C. Cir. 1987).  This is especially true when the plaintiff fails to allege any new facts to justify the delay in moving to amend.  Anderson, 619 F. Supp. at 1198.  The Court of Appeals for this Circuit has also held that the denial of a motion to amend is fully warranted when a significant amount of time has passed and the movant has had plenty of opportunity to raise the issues.  Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987).  See generally Kirby v. P.R. Mallory & Co., Inc., 489 F.2d 904, 912 (7th Cir. 1973) (unfair for movant to remain mute when facts known two-and-a-half years prior to the motion).

Additionally, a district court does not abuse its discretion in denying a motion to amend a pleading, when amending the pleading would be a futile act.  See, e.g., Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  An amendment is considered a "futile gesture" if it could not survive a dispositive motion.  James Madison Ltd., 82 F.3d at 1099; Atchison v. District of Columbia, 73 F.3d 418, 425-26 (D.C. Cir. 1996).

**II.  All of the Claims Plaintiff Proposes to Add or Pursue Are Barred.**

**A.    Statutes of Limitations**

Plaintiff seeks to pursue claims against "six unnamed military personnel" or "military intelligence soldiers who drafted Nattah into the United States military" as well as the

Secretary of the Army.  Plaintiff intends to "seek their names through the discovery process."  This tactic is not allowed at this advanced juncture of this case and all claims against unnamed federal employees or service-members should be dismissed.

Substituting particular individuals for previously un-named or "Doe" defendants starts the case as to them.  In other words, the proposed amended complaint does not relate back to the original pleading, and the statutes of limitations have now run on claims to the extent claims might have existed at all.

An amendment to add newly identified parties would not relate back to the date of the original pleading.  An amendment changing parties only relates back where (1) the party to be brought in by the amendment has received notice of the institution of the action such that the party would not be prejudiced in maintaining a defense on the merits; and (2) the party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party.  See Fed R. Civ. P. 15(c)(3).  It has long been settled that a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party"  See Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004).  "[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir.1999) (per curiam); see also King v. One

8

Unknown Correction Officer, 201 F.3d 910, 914 (7th Cir. 2000)
(simple lack of knowledge of the proper parties does not permit
relation back); Wayne v. Jarvis, 197 F.3d 1098, 1103-04 (11th
Cir. 1999) (same); Baskin v. City of Des Plaines, 138 F.3d 701,
704 (7th Cir.1998); Jacobsen v. Osborne, 133 F.3d 315, 321 (5th
Cir.1998); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.1996);
Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir.
1995); Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993)
("Because Worthington's failure to name Wilson and Wall was due
to a lack of knowledge as to their identity, and not a mistake in
their names, Worthington was prevented from availing himself of
the relation back doctrine of Rule 15(c).").

Because the statute of limitations is a complete bar to the
addition of any other federal defendants, there is no purpose to
be served by engaging in discovery to find out who they might be.
See also Fifth Ave. Peace Parade Comm. v. Gray, 480 F.2d 326, 332
(2d Cir. 1973) (in a declaratory judgment action, "the complaint
must stand or fall on its own merits and cannot be used as a
vehicle for searching out and discovering a right of action." )
(citations omitted).

Plaintiff alleges that the events giving rise to this case
occurred "after the war in Iraq began," which was in 2003.
Plaintiff alleges that he flew home from Germany on July 24,
2003. See Complaint, ¶ 58. His claims sound in intentional
tort, and the statute of limitations for intentional torts either
is one, two or, at most, three years. See 28 U.S.C. § 2401 (two

year limitations period for FTCA); United States v. Kubrick, 444
U.S. 111, 117-18, n.10 (1979) (as part of the waiver of sovereign
immunity, the FTCA's statute of limitations is jurisdictional).[6]
In the District of Columbia, the longest possible limitations
period that would apply to such claims would be the three-year
statute of limitations in D.C. Code § 12-301(8).  Hobson v.
Wilson, 737 F.2d 1, 32 (D.C. Cir. 1984), cert. denied, 470 U.S.
1084 (1985); Pope v. Bond, 641 F. Supp. 489, 495 (D.C. Cir.
1986); Gorden v. National Youth Work Alliance, 675 F.2d 356, 358
n.1 (D.C. Cir. 1982); Hagmeyer v. U.S. Department of Treasury,
647 F. Supp. 1300 (D.D.C. 1986) (three year limitations period
applies in D.C. if no specific statutory provision in effect);
Lawson v. Nationwide Mortgage Corp., 628 F. Supp. 804, 806
(D.D.C. 1986).  Claims for false imprisonment or wounding are
subject only to a one-year statute of limitations under local
law.  D.C. Code § 12-301.

More than three years have now passed, so it is too late for
plaintiff to attempt to identify the individuals he now seeks to
hold responsible, in whole or in part, for events in Iraq between
March 20, 2003 and May 16, 2003.  See Complaint, ¶¶ 45 (allegedly
"deployed" to Iraq), 54 (examined by doctors in Germany).
Curiously, it is military police officers whom plaintiff credits

---

[6] See also Johnson v. Smithsonian Institution, 189 F.3d
180, 189 (2d Cir. 1999); Flory v. United States, 138 F.3d 157,
159 (5th Cir. 1998).

for having "intervened" and prevented his removal by "two thugs employed by Titan" on June 21, 2003.  <u>See</u> <u>id</u>. § 57.[7]

Even if not time-barred, plaintiff does not allege that he ever exhausted any administrative remedies for tort claims as required by 28 U.S.C. § 2675(a).  Moreover, the FTCA's "foreign country exception", 28 U.S.C. § 2680(k), precludes claims against the six unnamed defendants because it exempts from FTCA jurisdiction "[a]ny claim arising in a foreign country."  <u>Harbury v. Hayden</u>, 444 F. Supp.2d 19, 25-26 (D.D.C. 2006).  The Supreme Court unanimously held in <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692 (2004), that "the FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred."  542 U.S. at 712.  The effect of this ruling is to deprive this Court of subject matter jurisdiction over plaintiff's remaining claims. In addition, there is a separate exception for "[a]ny claim arising out of the combatant activities of the military or naval forces . . . during time of war."  28 U.S.C. § 2680(j). Plaintiff's suit is beyond the scope of the waiver of sovereign immunity of the FTCA and should be dismissed.

---

[7]  Venue and personal jurisdiction over the unidentified federal defendants is lacking in the District of Columbia. Certainly at the time giving rise to the events plaintiff alleges, none of the six were maintaining offices in the District of Columbia in their individual capacities and none of the events giving rise to the claim happened in the District of Columbia. <u>See</u> <u>Dickson v. U.S.</u>, 831 F. Supp. 893, 897 (D. D.C. 1993); 28 U.S.C. § 1391(b); <u>Stafford v. Briggs</u>, 444 U.S. 527 (1980); 28 U.S.C. § 1391(e).

Plaintiff also attempts to assert what he describes as *Bivens*[8] tort claims under the Fifth and Thirteenth Amendments to the U.S. Constitution.  See Docket Entry No. 47 at page 12 of 31. Plaintiff's main *Bivens* claims are time-barred based on the applicable states' statutes of limitations.  "When a federal action contains no statute of limitations, courts will ordinarily look to analogous provisions in state law as a source of a federal limitations period."  Doe v. United States Department of Justice, 753 F.2d 1092, 1114 (D.C. Cir. 1985).  The Supreme Court has held, at least with respect to claims arising under 42 U.S.C. § 1983, that the applicable state's general "personal injury" statute of limitations should govern civil rights claims.  See Wilson v. Garcia, 471 U.S. 261, 272-75 (1985); see also Delgado-Brunet v. Clark, 93 F.3d 339, 342 (7th Cir. 1996) ("Bivens actions . . . are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred.") (citing, *inter alia*, Wilson v. Garcia).  Thus, because plaintiff's *Bivens* claims were brought more than three years after the events giving rise to them, they are barred.  See D.C. Code § 12-301(8).

Those claims would also be subject to dismissal on absolute and qualified immunity grounds.  See, e.g., Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) ("Applying the principles of our cases

---

[8]  Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

to claims of this kind, we hold that petitioner, as a former President of the United States, is entitled to absolute immunity from damages liability predicated on his official acts."); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Jackson v. Bush, 2206 WL at 2597896, *3 (any connection plaintiff has alleged between defendants and the supposed incidents at issue "is fanciful at best").

**B.  Plaintiff Fails to Identify Any Valid Waiver of Sovereign Immunity or To State a Claim**

In general, plaintiff's proposed amendments fail to state a claim because "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 & n.3 (2007).  Thus, "the complaint must set forth sufficient information to suggest that there exists *some* recognized legal theory upon which relief can be granted." Gregg v. Barnett, 771 F.2d 539, 547 (D.C. Cir. 1985) (emphasis in original and citation omitted).  Plaintiff's insistence that he has been injured and some federal defendant should be held liable is simply not enough to establish this Court's jurisdiction or identify a valid cause of action.

Plaintiff identifies the Alien Tort Claims Act, the War Crimes Act, the Torture Victims Protection Act, the Back Pay Act, Tucker Act, the Administrative Procedure Act, and due process. See Docket Entry No. 47 at page 8-9.  Plaintiff asserts that he was paid nothing for his services.

13

The Alien Tort Claims Act, 28 U.S.C. § 1350, provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Plaintiff alleges that he is a U.S. Citizen who is currently living in California.  <u>See</u> Complaint, ¶ 13.  Therefore, he is unable to state a claim under the Alien Tort Claims Act.

Plaintiff fares no better under the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350 (note) ("TVPA").[9]  By its clear terms, the TVPA only applies to conduct by foreign nations, and the putative federal defendants are not foreign nations.  Accordingly, plaintiff fails to state a claim against them under the TVPA.  Fed. R. Civ. P. 12(b)(6).  Even so, plaintiff also fails to allege that he was the victim of any torture because he alleges that he witnessed torture and/or was forced to participate in torturing others.  <u>See</u> Docket Entry No. 41 (Pl.'s Opp. To L-3 Communications Titan Group's Motion to Dismiss), at 6-7.

The War Crimes Act, which criminalizes grave breaches committed by United States military personnel of any of the

---

[9]  Section 2(a) of the Torture Victim Protection Act of 1991 provides: "An individual who, under actual or apparent authority, or color of law, of any foreign nation-
    (1) subjects an individual to torture shall, in a civil action, be liable for damages to that individual; or
    (2) subjects an individual to extrajudicial killing shall, in a civil action, be liable for damages to the individual's legal representative, or to any person who may be a claimant in an action for wrongful death.
28 U.S.C. § 1350 (note).

14

international 1949 Geneva conventions, does not a create private right of action.  See 18 U.S.C. § 2441(a), (c)(1); Research & Mfrs. of Am. v. Walsh, 538 U.S. 644, 123 S.Ct. 1855, 1878 (2003) ("Where Congress wishes to allow private parties to sue to enforce federal law, it must clearly express this intent.").  Accordingly, the Court lacks subject matter jurisdiction over such claims, and they would be subject to ready dismissal.  Fed. R. Civ. P. 12(b)(1).

Plaintiff's APA claim essentially seeks a declaration that the conflict in Iraq was premised on false intelligence and/or was otherwise unjustifiable.  Beyond the fact that the APA does not provide a waiver of sovereign immunity for a claim which would require the Court to inject itself directly into sensitive matters of foreign affairs, military policy, and other national security areas, the APA is not a jurisdiction-conferring statute.  These matters are the purview of the Executive Branch and Congress.  See Sanchez-Espinoza v. Reagan, 770 F.2d 202, 208 (D.C. Cir. 1985) ("Whether or not this is, as the District Court thought, a matter so entirely committed to the care of the political branches as to preclude our considering the issue at all, we think it at least requires the withholding of discretionary relief.").  The APA does not waive immunity for money damages.  5 U.S.C. § 702.  It provides a limited cause of action, where no other adequate relief is available, to parties adversely affected by agency action unless the agency's action is committed to its discretion.  5 U.S.C. §§ 701-06.  Plaintiff

fails to identify any agency action on which to ground his claim; to the extent it is the initiation or conduct of the hostilities in Iraq or foreign policy more generally, he may not proceed. See Johnson v. Eisentrager, 339 U.S. 763, 789 (1950) ("Certainly it is not the function of the Judiciary to entertain private litigation--even by a citizen--which challenges the legality, the wisdom, or the propriety of the Commander-in-Chief in sending our armed forces abroad or to any particular region.").

Plaintiff's allegations also fail to allege a violation of the Thirteenth Amendment because his conclusory allegation that he was enslaved is sharply undermined by his allegation that he worked for a government contractor and identifies his need to be paid for his disability, rather than services he performed.  See Simoy v. United States, 117 Fed. Appx. 129 (D.C. Cir. 2004) (noting that involuntary active duty in the military does not violate the Thirteenth Amendment); Richards v. Duke Univ., 480 F.Supp.2d 222, 238 (D.D.C. 2007).  Moreover, actions under the APA cannot be brought against individuals, only federal agencies.

The Back Pay and Tucker Acts are equally inapplicable because plaintiff alleges that he was employed by a private contractor, Titan, and fails to allege that he was ever an employee of a federal agency or a party to a federal contract. Even if the Tucker Act waived sovereign immunity for the claim, 28 U.S.C. § 1491, and the cause of action rested on the Back Pay Act, 5 U.S.C. § 5596(b)(1), which affords an agency " employee" back pay to correct certain "unjustified or unwarranted personnel

action[s]," the Court of Federal Claims has observed that under 5 U.S.C. § 2105(a) an "employee" for purposes of Title 5 must not only have been " appointed" in the civil service, but must have fulfilled two additional requirements:  (1) "engaged in the performance of a Federal function under authority of law or an Executive act" (2) while being "subject to the supervision" of a specified class of officials.  Because plaintiff cannot satisfy any of these requirements, the Court should reject his claim. See Ainslie v. United States, 55 Fed.Cl. 103, 106-08 (2003), aff'd, 355 F.3d 1371, 1374 (Fed. Cir. 2004).[10]

In order to properly invoke Tucker Act jurisdiction concerning a claim for back pay, a plaintiff must point to a substantiative right to money damages against the United States. James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998)(citing

---

[10]   Jurisdiction would not lie in this Court in any event because plaintiff appears to seek more than $10,000.  28 U.S.C. § 1346(a)(2); Complaint .  Moreover, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007 (Ct. Cl. 1967).  Claims in this category, where no payment (or insufficient payment) has been made by the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan, 424 U.S. at 401-02 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim--whether it be the Constitution, a statute, or a regulation--does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " (quoting Eastport S.S., 372 F.2d at 1009)); see also Martinez v. United States, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003), cert. denied, 540 U.S. 1177 (2004).

Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995)).
This means that a Tucker Act plaintiff must assert a claim under
a separate money-mandating constitutional provision, statute, or
regulation, the violation of which supports a claim for damages
against the United States.  Holley v. United States, 124 F.3d
1462, 1465 (Fed. Cir. 1997).

## C.    The Secretary of the Army Should Not Be Added As a Defendant Because He Has Immunity from Suit

Plaintiff's proposed amendment seeks to add the Secretary of
the Army as a defendant in his official capacity.  As with the
other federal officials plaintiff previously identified as
defendants, plaintiff's claims would have to be dismissed because
there has been no waiver of sovereign immunity for such claims.
Sovereign immunity bars all suits against the United States
except in accordance with the explicit terms of the statutory
waiver of such immunity.  Lane v.  Pena, 518 U.S. 187, 190-91
(1996); Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C.
1990); see also United States v. Testan, 424 U.S. 392, 399
(1976); United States v. Mitchell, 445 U.S. 535, 538 (1980);
Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C.
1985).  That plaintiff may have named federal employees as
defendants in their official capacities does not operate to evade
the immunity of the sovereign.  See Clark v. Library of Congress,
750 F.2d 89, 103-104 (D.C. Cir. 1984) (sovereign immunity acts as
a bar to a damages remedy against the Librarian of Congress in an
official capacity); Jackson v. Bush, – F. Supp.2d –; 2006 WL
2597896 (D.D.C. Sept. 11, 2006).

Because plaintiff alleges a deprivation of his constitutional rights against federal defendants in their official capacities, and the United States has not waived sovereign immunity for such claims, this Court lacks jurisdiction to hear the claims. FDIC v. Meyer, 510 U.S. 471, 476-478 (1994). Addition of such plainly defective claims should be denied as futile.

Even if plaintiff were attempting to proceed against the Secretary of the Army in his individual capacity, those claims would also be subject to dismissal on absolute and qualified immunity grounds. See, e.g., Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) ("Applying the principles of our cases to claims of this kind, we hold that petitioner, as a former President of the United States, is entitled to absolute immunity from damages liability predicated on his official acts."); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Jackson v. Bush, 2206 WL at 2597896, *3 (any connection plaintiff has alleged between defendants and the supposed incidents at issue "is fanciful at best").

**D.  The Grant of Plaintiff's Motion to Amend Will Unfairly Prejudice Federal Defendants.**

The claims plaintiff seeks to raise in his amended complaint against the named federal defendants have not sprung from newly discovered facts. Rather, plaintiff appears to simply want to raise new legal theories against these federal defendants. Yet plaintiff had ample time to advance his arguments against these defendants before this Court. On October 30, 2006, the named

19

federal defendants moved to dismiss.  Docket No. 22.  On November 15, 2006, plaintiff moved for an extension of time to respond to federal defendants' dispositive motion.  Docket No. 24.  That motion was granted, Docket No. 26, and then nothing more was heard from plaintiff until he filed his appeal after this Court granted federal defendants' unopposed motion to dismiss.

It certainly is unfairly prejudicial to these federal defendants to allow plaintiff to waive his opportunity to respond to federal defendants' arguments before this Court, file an appeal of this Court's Order granting the unopposed dispositive motion, again fail to respond to federal defendants' arguments made on appeal, delay, and then try to start the case all over again with an amended complaint.  Such gamesmanship with the litigation process should not be countenanced by this Court.

### III. __Plaintiff's Motion For Reconsideration Should Be Denied.__

Plaintiff contends that this Court should vacate its order of dismissal on the grounds that there is "(1) newly discovered evidence and (2) 'other reason justifying relief from judgment.'" Docket Entry No. 47 (Plaintiff's Mem.) at 13-14 of 31.

Plaintiff requests reconsideration under Rule 60(b) of the Federal Rule of Civil Procedure, but Rule 60(b) does not apply here because no final judgment has yet been entered.  See Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291.  Although Rule 54(b) of the Federal Rules of Civil Procedure allows the Court to revise its Order any time before the entry of final judgment, it should decline to do so here.  As this Court has noted:

20

. . . Rule 54(b) "addresses interlocutory judgments."
<u>Campbell v. United States Dep't of Justice</u>, 231
F.Supp.2d 1, 6 n. 8 (D.D.C. 2002).  "Reconsideration of
an interlocutory decision is available under the
standard, 'as justice requires.' " <u>Id</u>. at 7 (quoting
<u>Childers v. Slater</u>, 197 F.R.D. 185, 190 (D.D.C. 2000)).
That standard "differs from the standards applied to
final judgments under Federal Rules of Civil Procedure
59(e) and 60(b)," where the Court must find "an
intervening change of controlling law, the availability
of new evidence, or the need to correct a clear error
or prevent manifest injustice." <u>Id</u>.

<u>APCC Servs., Inc. v. AT&T Corp.</u>, 281 F.Supp.2d 41, 44 (D.D.C.

2003).  Because all of the claims for relief have not yet been

finally addressed, there can be no doubt that the January 30,

2007 Order was interlocutory.  The Court has under advisement the

motion to dismiss claims involving L-3 Communications Titan

Group.[11]

Under either standard, however, reconsideration is an area

where the Court enjoys broad discretion, and reconsideration of a

previous order is an unusual measure.  <u>Firestone v. Firestone</u>, 76

F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam ) (discussing

standard for reconsideration under Fed. R. Civ. P. 59(e)).

Because reconsideration is not a vehicle for presenting theories

or arguments that could have been raised previously, plaintiff's

motion should be denied.  <u>Kattan v. District of Columbia</u>, 995

---

[11]  <u>See</u> <u>Alliance for Cannabis Therapeutics v. Drug
Enforcement Admin.</u>, 15 F.3d 1131, 1134 (D.C. Cir. 1994)
("[C]ourts will reconsider previously decided questions in such
exceptional cases as those in which there has been an intervening
change of controlling law, or new evidence has surfaced, or the
previous disposition has resulted in clear error or manifest
injustice.") (citation omitted).

F.2d 274, 276 (D.C. Cir. 1993); <u>W.C. & A.N. Miller Cos.</u>, 173
F.R.D. 1, 3 (D.D.C. 1997).

    Plaintiff's purported "newly discovered evidence" consists
of unsupported claims that another employee of Titan allegedly
suffered the same or similar injuries caused by federal
defendants as did plaintiff Nattah.  Plaintiff, however, provides
no evidence to support this claim.  Rather, he simply relies on
representations made by his counsel.  This does not constitute
evidence.  In any event, even if capable of being converted into
evidence, the existence of other allegations from another person
does nothing to remedy the substantial legal defects in
plaintiff's lawsuit that properly led the Court to grant the
federal defendants' motion to dismiss in the first place.  Courts
routinely exclude such "me too" evidence, recognizing in many
different contexts that it has no probative value, and would only
serve to prolong the trial and confuse the jury about side
issues.  <u>See</u>, <u>e.g.</u>, <u>Kelly v. Boeing Petroleum Services, Inc.</u>, 61
F.3d 350, 357 (5th Cir. 1995); <u>Schrand v. Federal Pacific
Electric Co.</u>, 851 F.2d 152, 156 (6th Cir. 1988); <u>Coles v. Perry</u>,
217 F.R.D. 1, 10 (D.D.C. 2003) (excluding "other bad acts"
evidence under Rule 403).

    Moreover, even if probative, it is unclear why plaintiff
could not have brought this to the attention of the Court in the
exercise of reasonable diligence.  To have waited this length of
time in which to seek this amendment amounts to, if not bad faith
given the total lack of new evidence, then at a minimum

unreasonable delay.  This Court would be acting well within its discretion to deny plaintiff's motion to amend on this basis. Hollinger-Haye, 130 F.R.D. at 1-2 (motion to amend denied where plaintiff failed to demonstrate a good reason for the delay in filing the motion to amend).

Accordingly, based on plaintiff's unreasonable delay in seeking this amendment, the lack of new evidence to support the delay, and the prejudice that will ensue should plaintiff's motion be granted, federal defendants submit that plaintiff's motion for reconsideration or to alter the January 30, 2007 Order should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, federal defendants respectfully submit that plaintiff's motions to file an amended complaint and for reconsideration of the January 30, 2007 Order should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

23