**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABDULWAHAB NATTAH, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 06-CV-00700 RCL |
| | ) |
| GEORGE BUSH, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT L-3 COMMUNICATIONS TITAN CORPORATION'S
MOTION TO CONSOLIDATE**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and this Court's

Local Civil Rule 40.5, Defendant L-3 Services, Inc., formerly known as L-3

Communications Titan Corporation,[1] submits this Memorandum of Points and

Authorities in support of its motion to consolidate with this action a related action

currently pending before this Court - namely, *Shallal v. Gates et al*, Civil Action No.

1:07-cv-02154-RMC (filed on November 29, 2007) ("the Shallal Action").[2]

---

[1] Effective January 1, 2008, L-3 Communications Titan Corporation's name was
changed to L-3 Services, Inc. For consistency, however, this brief will refer to L-3
Services, Inc. as "L-3 Titan."
[2] A copy of the Complaint in the Shallal Action ("the Shallal Complaint") is attached as
Exhibit 1 hereto.

The close relatedness between this action and the Shallal Action cries out for

consolidation[3]:

- The Shallal Action arises out of the same facts as this action, and involves

    many of the same or similar claims under U.S. and foreign law as are

    presented in this action.

- Mark Shallal ("Shallal"), the named plaintiff in the Shallal Action, and

    Abdulwahah Nattah ("Nattah"), the named plaintiff in this action, are

    represented by the same attorney.[4]

- The two actions involve the same plaintiffs, in that this action states

    purported class action claims against L-3 Titan on behalf of a class of

    which Shallal is a member.

- The two actions involve the same defendants.

---

[3]  On Tuesday, January 29, 2008, L-3 Titan's counsel in this action sent an email to Nattah's (and Shallal's) counsel asking for his consent to consolidate the Shallal Action with this action (and providing a brief explanation of the reasons such consolidation is appropriate).  L-3-Titan's counsel asked Nattah's counsel to respond no later than noon on Thursday, January 31, 2008.  As of the filing of this motion, Nattah's counsel has not responded.

[4]  Nattah and Shallal's counsel, Michael Beattie, a self-espoused anti Iraq war activist (for example, his email address is "antiwarattorney@yahoo.com"), runs the Employee Rights Law Group.  According to its website:

> The Employee Rights Law Group focuses a great deal of attention representing employees performing work in the Middle East for United States corporations. We also represent clients of Middle Eastern ancestry who have been discriminated against within the United States.  We help people injured by U.S. forces, agencies, and conractors [sic] working in Iraq and Afganistan.  Finally, our firm brings whistleblower cases against contractors overbilling the U.S. government.

*See* http://www.employeerightsadvocate.com/projects.html.

- Nattah's proposed amended complaint in this action, as compared to his original Complaint, involves even more of the same parties, facts and claims as those involved in the Shallal Action.[5]

- In briefing filed with this Court, Nattah and Shallal's counsel has represented that he intended to add Shallal as a named plaintiff in this action.

For these reasons, as set forth in detail below, the Shallal Action should be consolidated with this action for all purposes.

## PROCEDURAL BACKGROUND

Nattah filed this action on April 19, 2006, alleging claims against President George W. Bush, Vice President Richard Cheney, then Secretary of Defense Donald Rumsfeld, "Six Unknown United States Government employees" (collectively, "the Federal Defendants"), and L-3 Titan. Several of the counts in Nattah's Complaint against L-3 Titan purport to be class action claims. *See* Complaint, Counts XVII-XIX.

The Federal Defendants moved to dismiss the action as against them in October 2006. Nattah requested and received an extension of time in which to respond to that motion, but ultimately failed to file any opposition. In January 2007, this Court granted

---

[5]   In referring to the proposed amended complaint herein, L-3 Titan merely seeks to inform the Court of Nattah's own belief as to the relatedness of the two actions. Nattah's motion for leave to amend his Complaint does not seek leave to amend any of the claims asserted against L-3 Titan. Accordingly, L-3 Titan did not oppose that motion. Notwithstanding his failure to request leave to amend his claims against L-3 Titan, Nattah has made a number of changes and additions to those claims in his proposed amended complaint. Nattah should not be granted leave to amend his pleading as against L-3 Titan - at least not until and unless he has given L-3 Titan proper notice and an opportunity to oppose.

the Federal Defendants' motion and dismissed the action as to the Federal Defendants with prejudice.

In late February 2007, Nattah filed a notice of appeal of this Court's order dismissing his claims against the Federal Defendants. The U.S. Court of Appeals for the D.C. Circuit dismissed Nattah's appeal for lack of prosecution. The mandate for the D.C. Circuit's decision dismissing Nattah's appeal was filed in this Court in early November 2007.

L-3 Titan filed its own motion to dismiss in March 2007. That motion has been fully briefed,[6] and is currently pending before this Court. In his opposition to L-3 Titan's motion to dismiss, Nattah represented to this Court that he intended to amend his Complaint to add Shallal, whom he identified as another former L-3 Titan employee, as a named plaintiff in this action. *See* Plaintiff's Opposition to L-3 Titan's Motion to Dismiss, at 1. He never did so.

Instead, on November 28, 2007, over six months after the briefing on L-3 Titan's motion to dismiss had been completed and twenty days after the D.C. Circuit Court of Appeals had filed the mandate for its decision dismissing Nattah's appeal of this Court's dismissal of the Federal Defendants, Nattah filed a motion in this Court: (1) to vacate the Court's order dismissing his claims against the Federal Defendants; and (2) for leave to file a proposed amended complaint ("Amended Complaint") re-stating his claims against the Federal Defendants and adding the following additional defendants: former Secretary of the Army Francis Harvey; Secretary of Defense Robert Gates; Curveball; Dr. Ahmad

---

[6] Nattah filed his opposition in April 2007, and L-3 Titan filed its reply in May 2007.

Chalabi; the Iraqi National Congress ("INC") Assembly Fund; the INC Support

Foundation; the INC Defense Foundation, LLC, and the INC Action Foundation.

Although Nattah's moving papers fail to so inform this Court or L-3 Titan, the Amended

Complaint also contains additional factual allegations and claims against L-3 Titan.

On November 29, 2007, the day after filing Nattah's motion for leave to file the

Amended Complaint, Nattah's counsel filed the Shallal Action against Secretary of

Defense Robert Gates, former Secretary of the Army Francis Harvey, and L-3 Titan. *See*

Shallal Complaint. The Shallal Action has been assigned to the Honorable Rosemary M.

Collyer. Nattah and Shallal's counsel failed to inform this Court of the relatedness of the

two actions.[7]

### THE RELATEDNESS OF THE TWO ACTIONS

Both Nattah and Shallal allege that they are former L-3 Titan employees who

served as translators for the U.S. Army in Iraq and Kuwait. Nattah Complaint at ¶¶39-

45; Shallal Complaint at ¶¶1, 11-14. Both plaintiffs' claims against L-3 Titan arise out of

their alleged employment with L-3 Titan. Both plaintiffs allege many of the same facts

and legal claims against L-3 Titan. Specifically, both Complaints allege that L-3 Titan

---

[7] Under the circumstances it is not inappropriate to question whether Nattah and Shallal's counsel's motivation in filing a separate action was to use this Court's random case assignment process in an effort to "judge-shop." Any such motivation would be additional grounds for the requested consolidation. *See generally Vaqueria Tres Monjitas, Inc. v. Cubano,* 341 F.Supp.2d 69 (D. P.R. 2004); *see also United States v. Phillips,* 59 F.Supp.2d 1178, 1180 (D. Utah 1999) ("attempts to manipulate the random case assignment process are subject to universal condemnation") (*citations and quotations omitted*); *Standing Comm. on Discipline of the U.S. Dist. Ct. for the Cent. Dist. of Cal. v. Yagman,* 55 F.3d 1430, 1443 (9th Cir. 1995) (judge-shopping "disrupts the proper functioning of the judicial system and may be disciplined").

entered an employment contract with the plaintiff that provided that he would only be

deployed in Kuwait (Nattah Complaint at ¶39; Shallal Complaint at ¶¶13, 28), that L-3

Titan made additional representations to the plaintiff that he would not be deployed in

Iraq (Nattah Complaint at ¶35; Shallal Complaint at ¶28), that L-3 Titan made those

representations for the purpose of fraudulently inducing the plaintiff to enter a contract of

employment with L-3 Titan and to travel to Kuwait (Nattah Complaint at ¶39; Shallal

Complaint at ¶¶28, 31), and that the plaintiff subsequently was deployed in Iraq contrary

to L-3 Titan's assurances that he would no be so deployed (Nattah Complaint at ¶45;

Shallal Complaint at ¶14).  Both complaints allege that after the plaintiff was flown to

Kuwait, L-3 Titan held him as a slave and sold him to the U.S. Army.  Nattah Complaint

at ¶¶43-44; Shallal Complaint at ¶27.  Based on these allegations, each plaintiff has

asserted claims of "slavery" and "fraud" against L-3 Titan.  More generally, both

Complaints allege that the plaintiff was wrongfully discharged by L-3 Titan, and allege

violations of Iraqi employment laws, the Geneva Convention, and the False Claims Act.[8]

Nattah Complaint at ¶¶149-174, 220-245; Shallal Complaint at ¶¶43-70.

        The parties to the above claims are also substantially the same.  L-3 Titan, of

course, is a named defendant in both actions.  Furthermore, Nattah's claims under Iraqi

employment laws (specifically, his claims of "wrongful discharge" and for violations of

---

[8]  Although Nattah redacted Count XX of the original Complaint in this matter, in his
opposition to L-3 Titan's motion to dismiss he subsequently informed the Court and L-3
Titan that Count XX alleged a violation of the False Claims Act.  *See* Plaintiff's
Opposition to L-3 Titan's Motion to Dismiss, at 2-3.  Nattah also notes at pages 24 and
25 of his Opposition to L-3 Titan's motion to dismiss that he has brought his overtime
claim under Iraqi employment law.

the alleged provisions of Iraqi law governing overtime wages and requiring employers to

notify the Iraqi Ministry of Labor and Social Affairs of the termination of an employee)

also purport to be class action claims. The class of persons on whose behalf Nattah

contends he has raised these claims is identified as "all [L-3 Titan] employees of Arab

national origin who have ever worked in Iraq." Nattah Complaint at ¶221. Shallal

alleges in his Complaint that he is a Caldean Christian of Iraqi national origin, and that he

worked for L-3 Titan in Iraq. Shallal Complaint at ¶¶9, 14 and 63. Based on the

allegations in his own Complaint, therefore, Shallal is a member of Nattah's purported

class.

Nattah's Amended Complaint, As compared to his original Complaint, contains

parties and claims even more closely related to those contained in the Shallal Complaint.

Specifically, the Amended Complaint seeks to name Secretary of Defense Robert Gates

and former Secretary of the Army Francis Harvey as defendants. Both of those

individuals are also named defendants in the Shallal Action. In addition, both the

Amended Complaint and the Shallal Complaint allege that L-3 Titan entered a contract

with the federal government pursuant to which it was required to provide timely and

accurate security clearance applications for its employees, that it failed to do so, and that

the plaintiff was a third party beneficiary of those contracts. Amended Complaint at

¶¶342-343; Shallal Complaint at ¶¶6-8, 35-50. Based on these allegations, the plaintiffs

in the two actions have both raised claims of breach of contract and violations of the

False Claims Act against L-3 Titan. *Id.* Furthermore, both the Amended Complaint and

the Shallal Complaint allege that the plaintiff was forced to work as a "secret agent" or

"spy" for the U.S. Army by the Federal Defendants and L-3 Titan in violation of

international law.  Amended Complaint at ¶365; Shallal Complaint at ¶¶31-33, 66.  And,

both the Amended Complaint and the Shallal Complaint allege that the plaintiff was

terminated in violation of the Geneva Convention and the Hague Convention for refusing

to collaborate in L-3 Titan and the Federal Defendants' alleged violations of international

law.[9]  Amended Complaint at ¶373; Shallal Complaint at ¶67.  Finally, both the Amended

Complaint and the Shallal Complaint allege that L-3 Titan violated the plaintiff's due

process rights by failing to submit his security clearance application in a timely manner

and/or by failing to inform him of the status of his security clearance application.

Amended Complaint at ¶¶332-341; Shallal Complaint at ¶¶79-86.

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions

involving a common question of law or fact are pending before the court . . . it may order

all the actions consolidated."  In *Blasko v. Washington Metropolitan Area Transit*

*Authority*, this Court observed that:

> Consolidation of actions under Rule 42(a) is 'a valuable and important
> tool of judicial administration.' [*citing Devlin v. Transp. Communications
> Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)]  It helps to 'relieve[ ] the -
> parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt
> orders.' *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C.
> 2002).  To determine whether consolidation is appropriate, a court should
> consider both equity and judicial economy.  If 'savings of expense and

---

[9]  More specifically, both Nattah's Amended Complaint and the Shallal Complaint appear
to assert that the plaintiff opposed alleged violations of Section 1, Article 36 of the Hague
Convention by the Federal Defendants and L-3 Titan, and that he was terminated by L-3
Titan based on his refusal to collaborate in those alleged violations.

gains of efficiency can be accomplished without sacrifice of justice,' a court may find the actions merit consolidation

Actions that involve the same parties are apt candidates for consolidation. 9 *Fed. Prac. & Proc. Civ. 2d* § 2384.  Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts. . ..  In short, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'  *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

243 F.R.D. 13, 15 (D.D.C. 2007).

This Court's Local Civil Rule 40.5 states that a "related case" is construed as

follows:

Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) ***involve common issues of fact***, or (iii) ***grow out of the same event or transaction*** or (iv) involve the validity or infringement of the same patent.

LCvR 40.5(a)(3) (emphasis added).  The rule further provides:

Whenever an attorney for a party in a civil, including miscellaneous, or criminal action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.  Upon receiving information from any source concerning a relationship between pending cases, the Clerk shall transmit that information in writing to the judges on whose calendars the cases appear and to all parties to the proceeding.

LCvR 40.5(b)(3).[10]  Finally, Local Rule 40.5(d) requires that:

Motions to consolidate cases assigned to different judges of this court shall be heard and determined by the judge to whom the earlier-numbered case is assigned.  If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule.

---

[10] As stated above, Nattah and Shallal's counsel failed to comply with this rule.

LCvR 40.5(d).  Because this action was filed long before the Shallal Action, the present

motion is properly before this Court.

   The foregoing rules compel the conclusion that the Shallal Action should be

consolidated with this action for all purposes.

   First, the requested consolidation is appropriate because the two actions involve

common parties.  Specifically, L-3 Titan is a named defendant in both actions.  Nattah's

Complaint also purports to contain three class claims based on Iraqi employment law

(Counts XVII, XVIII, and XIX) on behalf of "all [L-3 Titan] employees of Arab national

origin who have ever worked in Iraq" - a class of which Shallal purports to be a member.

Furthermore, Nattah's Amended Complaint seeks to add a claim that L-3 Titan allegedly

denied Nattah substantive and procedural due process by withholding, obstructing and

delaying Nattah's security clearance application and those of other L-3 Titan translators

(presumably including Shallal) and by failing to inform them of the status of their

security clearance applications.  Amended Complaint at ¶¶325-341.  Shallal raises a

nearly identical claim in Count VII of his Complaint, which he purports to raise on behalf

of "himself and a class of similarly situated [L-3 Titan] employees" - a class that would

include Nattah.  Accordingly, the pleading and proposed pleading filed by Nattah in the

present action and the Complaint filed in the Shallal Action involve the same parties to a

substantial degree.  Moreover, both plaintiffs are represented by the same counsel.

   Second, both actions purport to arise out of the same set of facts and occurrences

(or, at the very least, substantially similar facts and occurrences).  Nattah and Shallal

have conceded this point in the opening statements of Nattah's Opposition to L-3 Titan's

motion to dismiss, in which Nattah contends that "Mark Shallal, another former Titan employee seeks to join as a plaintiff, and Shallal and Nattah seek to join additional defendants."  Nattah's Opposition to L-3's Motion to Dismiss, at 1.

As set forth above, both the original Complaint in this action and the Shallal Complaint contend that the plaintiff was an L-3 Titan employee, that his claims arise out of his alleged employment with L-3 Titan and the war in Iraq, that L-3 Titan defrauded him by falsely representing that he would only be deployed as a translator in Kuwait, and that L-3 Titan allegedly enslaved him after deploying him in Kuwait and later Iraq.  Both Nattah's original Complaint and the Shallal Complaint allege violations of Iraqi employment laws, the Geneva Convention, and the False Claims Act.

Nattah's Amended Complaint, as compared to his original Complaint, is even more closely related to the Shallal Action.  As set forth above, the Amended Complaint seeks to add the two other defendants named in the Shallal Action as defendants in this action.  The Amended Complaint and the Shallal Complaint also contain identical or nearly identical claims of: (1) breach of contract and violations of the False Claims Act based on L-3 Titan's alleged failure to ensure that accurate security clearance applications were timely filed for each of its translators (Amended Complaint at ¶¶342-343; Shallal Complaint at ¶¶6-8, 35-50); (2) violations of international law based on L-3 Titan and the Army's alleged attempts to force plaintiffs to work as spies and secret agents (Amended Complaint at ¶365; Shallal Complaint at ¶¶31-33, 66); (3) wrongful discharge for plaintiffs' refusals to collaborate in L-3 Titan's alleged violations of international law, including "Section 1 Article 36" of the Hague Convention (Amended

Complaint at ¶373; Shallal Complaint at ¶67); and (4) violations of plaintiffs' due process rights related to L-3 Titan's alleged failure to file timely and accurate security clearance applications on their behalf and/or inform them of the status of their security clearance applications (Amended Complaint at ¶¶332-341; Shallal Complaint at ¶¶79-86).

Based on the above, consolidation of the Shallal Action with this action will serve interests of judicial economy and allow the parties to save the time and expense that would result from parallel proceedings. *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C. 2002) (noting that cases should be consolidated where consolidation eliminates risk of duplicative proceedings). Consolidation of the Shallal Action with the present case also will eliminate the risk of inconsistent judgments. Nor would any prejudice result to Nattah or Shallal were the Court to consolidate their cases. Indeed, through the statement of their joint attorney in Nattah's opposition to L-3 Titan's motion to dismiss, they essentially have conceded that their cases are appropriate for consolidation.

## CONCLUSION

For the foregoing reasons, L-3 Titan respectfully requests that the Court

consolidate *Shallal v. Gates et al*, Civil Action No. 1:07-cv-02154-RMC, with this action.

Respectfully submitted,


/s/
Matthew H. Sorensen, D.C. Bar 492130
John F. Scalia, *pro hac vice*
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102
Tel:  (703) 749-1300
Fax:  (703) 749-1301

*Counsel for Defendant*
*L-3 Communications Titan Corporation*